From William R. Toal, Media, Pa.

## Mooney v. Lederman et al.

*Victor Frey,* for claimant; *Langdon W. Harris,* for defendant.

LAMBERTON, J., January 9, 1934.—The facts in this case are not in dispute. A pure question of law is involved, namely, the proper construction of section 319 of the Workmen's Compensation Act of 1915, P. L. 736. The admitted and agreed facts, insofar as pertinent, are as follows:

On February 4, 1930, James J. Mooney, while in the course of his employment with defendant, sustained injuries from which he died on February 10, 1930. Decedent was survived by a widow and six children, three of whom were girls past the age of 21 years and married. These three do not figure in this case. Of the remaining children, at the time of the father's death, Katherine was 19, Bernadette was past 16, and Robert was 10. A compensation agreement was entered into, by which compensation was made payable on account of the widow, the minor child Robert, and funeral expenses, in the aggregate sum of $3,976.07. Subsequently, the widow, Mary E. Mooney, brought suit

414

against the City of Philadelphia on behalf of herself and her three minor children, Katherine, Bernadette, and Robert, alleging that the death of her husband was caused by the negligence of the City of Philadelphia. This suit resulted in a net recovery for plaintiffs in the amount of $3,897.85. The parties being unable to agree as to the extent of the subrogation to which the employer was entitled, a petition for review was filed by the defendant in order that this matter might be definitely determined. A hearing was held before Referee Berry, at which most of the facts were stipulated. It is the contention of defendant that it is entitled to subrogation to the full extent of the net recovery, to wit, $3,897.85, which would leave compensation payments of $78.22 to be borne by defendant. It is the contention of claimants that, under the Act of April 26, 1855, P. L. 309, the amount recovered by suit against the city is distributable among the widow and the three minor children, Katherine, Bernadette, and Robert, in accordance with the intestate laws, and that defendant is entitled to subrogation only to the extent of the amounts payable to those entitled to compensation, namely, the widow and Robert. On this basis, the sum payable to the widow would be $1,299.28, and the sum payable to each of the three minor children would be $866.19. There can be no question that the net amount recovered would ordinarily be distributable between the widow and the three minor children in these proportions: Lewis v. Hunlocks Creek & Muhlenberg Turnpike Co., 203 Pa. 511.

The referee filed a rather unsatisfactory award, in which he stated that ordinarily the contention of claimants might be correct, but that in this case defendant was entitled to full subrogation, because the amount of the net recovery had in fact been paid to the widow. We consider this reason entirely fallacious. The fact that the entire sum has been paid to the widow does not in any wise affect the legal situation. The minor children nonetheless have the right to require that the money to which they are entitled under the Act of 1855 shall be paid to them, or to their guardians, and if the mother fails to make such payment she can be required in equity to account therefor: Shambach v. Middlecreek Electric Co., 232 Pa. 641; Allison et al. v. Powers, 179 Pa. 531. Counsel for defendant evidently does not rely on the reason assigned by the referee, for it was not mentioned either in his argument or in his brief.

The appeal to the Workmen's Compensation Board was dismissed, but in the thorough and very able opinion filed the chairman of the board did not mention the reason assigned by the referee, but cited decisions of our higher courts holding that the employer is entitled to full subrogation, and stated that if this was contrary to the provisions of the Act of 1855 the Act of 1855 must yield.

The sole question at issue is the proper construction to be applied to section 319 of the Workmen's Compensation Act, which reads as follows: "Where a third person is liable to the employe or the dependents for the injury or death, the employer shall be subrogated to the right of the employe or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe or to the dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation." It is possible to find isolated statements in several of the appellate court decisions which, if applied to the facts in this case, would determine it in favor of defendant. An examination of those decisions, however, shows that the facts were different, and it is a sound principle of judicial procedure that the words used by an appellate court shall be construed only in connection with the particular facts at issue, unless the appellate court has clearly indicated that

it intends them to be of general application. We have been referred to no appellate court decision where the facts were analogous to those here present.

The point at issue is the meaning of the word "dependents", as used in section 319 quoted above. The word may have a different meaning in different places. Of course, broadly, it means persons who are dependent upon another, but the exact meaning in any given place cannot be determined without an examination of the context. In this case, the three minor children of decedent, Katherine, Bernadette, and Robert, were admittedly dependents insofar as the Act of 1855 is concerned, and it is the contention of defendant that the word "dependents" when used in section 319 of the Workmen's Compensation Act has this same meaning. If so, defendant is entitled to full subrogation, and the decision of the Workmen's Compensation Board is correct.

The proper method of determining the meaning of the word "dependents" in section 319 is to examine the Workmen's Compensation Act itself. Section 307 sets forth those persons entitled to compensation in death cases. The widow may be, or the widower, or children, or father, or mother, or brother, or sister. The wording of the act shows that compensation is payable on the theory that the person to be compensated was dependent upon the decedent. For example, compensation can only be payable to a father, mother, brother, or sister if the person in question was actually dependent to some extent upon the decedent for support. In the case of a widow, dependency is presumed, but nevertheless it is made clear that dependency is the test of the right to compensation, for the act provides that no compensation shall be payable to a widow unless she was living with her deceased husband at the time of his death or was then actually dependent upon him for support. In the case of children, there is no express wording as to dependency, but compensation is limited to children under 16 years of age, and such children would naturally be dependent upon the parent.

Section 319 appears at the end of article III of the compensation act. In this article, the word "dependents" occurs at least nine times prior to section 319, and in each case it is crystal clear that it means persons entitled to compensation. The natural inference would be that when the word is used with one meaning time after time, it is always so used, unless the context shows that it is elsewhere used with a different meaning. Let us examine the wording of section 319. The first sentence reads as follows: "Where a third person is liable to the employe or the dependents for the injury or death, the employer shall be subrogated to the right of the employe or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer." There is nothing in this sentence to indicate that a new meaning is intended for the word "dependents". Applied to the facts of this case, that sentence might well mean that, since the City of Philadelphia is liable to the widow and Robert Mooney, the defendant shall be subrogated to the rights of the widow and Robert Mooney against the city to the extent of the compensation payable. The right of the widow is to receive one third of the net recovery, namely, $1,299.28, and the right of Robert is to receive one third of the balance, or $866.19, so that, according to this construction, the defendant would be entitled to subrogation to the extent of the aggregate of these two, namely, $2,165.47. But counsel for defendant says that the second sentence of section 319 is plainly inconsistent with this construction. The second sentence reads as follows: "Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe or to the dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

Counsel for defendant contends that the excess compensation must necessarily be paid to the widow and to the three minor children, and not to the widow and Robert, and consequently the word "dependents" here plainly means the widow and the three minor children, and since it has such meaning in this sentence it has the same meaning in the preceding sentence. Let us see where this construction would lead us. It would mean, in this case, that the amount of the recovery in excess of the compensation heretofore paid should be paid one third to the widow, two ninths to Katherine, two ninths to Bernadette, and two ninths to Robert, and yet this whole sum, including that paid to Katherine and Bernadette, should be treated as advance payment of future instalments of compensation, payable to the widow and to Robert. The legislature could, of course, make such provision, but it is hard to believe that it intended to do so.

The validity of the construction contended for by defendant depends entirely upon the meaning to be attributed to the word "recovery". Counsel for defendant assumes that the word "recovery" means the amount recovered on account of all persons. With this we do not agree. We believe the word "recovery", as here used, refers back to the preceding sentence and means recovery on behalf of the dependents, those persons entitled to compensation, to wit, the widow and Robert. As applied to this case, the second sentence would then mean that any recovery on behalf of the widow and Robert against the City of Philadelphia, in excess of the compensation theretofore paid by defendant, shall be paid forthwith to the widow and Robert and shall be treated as an advance payment of compensation. This imposes no violent strain upon the wording of section 319 and involves no judicial legislation. It is the commen-sense construction of the words used by the legislature, in view of the uniformly consistent meaning with which the word "dependents" is used by the legislature in prior parts of the act, and avoids the very strange result to which the construction contended for by defendant would give rise.

The very decisions on which counsel for defendant relies support the construction which we have given. The wording of section 319, if analyzed in a cold-blooded fashion, would mean that the employer is entitled to subrogation to the extent of the total recovery against the third person. But in Wilson v. Pittsburgh B. & I. Works, 85 Pa. Superior Ct. 537, 541, the court said: "Subrogation is an equitable doctrine, and its basis is the doing of complete, essential and perfect justice between all parties without regard to form; its object is the prevention of injustice". On this basis, the court held that the word "recovery" did not mean the amount of the verdict against the third person, but meant that amount less reasonable fees and necessary expenses. We would achieve the construction which we have already reached if, in line with this decision, we should hold that the word "recovery" means the total verdict, less reasonable fees and expenses, and less the amount payable to persons not entitled to compensation. This is merely another way of saying and explaining what we have already said.

The theory of subrogation is that one person steps into the shoes of another in order that justice may be done. Subrogation under the Compensation Act means that, if persons entitled to compensation secure a recovery from a third person, the employer is entitled to step into their shoes to the extent of that recovery or to the extent of the compensation payable, whichever is the lower. It is to prevent the injustice of having the claimant twice paid.

In this case, the three minor children can require their mother to account to them for two thirds of the net recovery. By this means, Katherine and Bernadette can require the widow to pay to them $866.19 each. If counsel for defendant is correct in his construction, Katherine and Bernadette can receive

from their mother $1,732.38, and yet defendant would be entitled to subrogation for this sum and to reduce its payments accordingly. Surely, if subrogation is intended to prevent injustice, as our decisions hold, it is intended to prevent such a happening as this, rather than to require it. If we should support the contention of counsel for defendant, the net result of the suit against the city to Mrs. Mooney and Robert would be that they would receive in dollars and cents $1,732.38 less than they would have received had suit never been brought. Such a construction is not justice. It is not subrogation. It cannot have been in accord with the legislative intent, and, as we have shown above, it is not in accord with the legislative language.

The petition for review in this case was filed by defendant. No question has been raised at any stage of the proceeding as to whether this was the proper method of determining the point at issue. We have therefore considered this question as having been waived.

And now, to wit, January 9, 1934, the exceptions are sustained, and it is ordered and decreed that the insurance carrier defendant shall receive credit in the sum of $2,165.47, the net amount recovered by the dependents, to wit, the widow, Mary E. Mooney, and the minor child Robert J. Mooney, as a credit against the compensation awarded to Mary E. Mooney and the minor child Robert J. Mooney.