## Anderson *v.* Greenville Borough et al., Appellants.

Argued March 17, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Irwin M. Ringold,* for appellants.

*George Hardy Rowley,* with him *Voorhies, Dilley, Keck, Rowley & Wallace,* for appellee.

OPINION BY MR. JUSTICE COHEN:

This is an appeal from a per curiam order of the Superior Court, 216 Pa. Superior Ct. 747, 259 A. 2d 691 (1969), affirming a judgment of the Court of Common Pleas of Mercer County which affirmed an order of the Workmen's Compensation Board. The issue presented is unique and involves the subrogation provisions of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, art. III, §319, as amended, 77 P.S. §671 (Supp. 1970).

Frederick Anderson was struck and killed by a negligently operated automobile while in the course of his employment as a police officer for the Borough of Greenville. He was survived by his widow, Frances Anderson, appellee herein, and six minor children. Appellee entered into an agreement with American Casualty Company, decedent's employer's compensation insurer, whereby the insurer began making payments of $47.50 per week pursuant to the Act of June 2, 1915, P. L. 736, as amended, September 30, 1961, P. L. 1762, 77 P.S. §561(4½) (Supp. 1970).[1] The insurer also paid to the widow the $750 statutory burial expense pursuant to §307(7), 77 P.S. §561(7) (Supp. 1970). (Here-

---

[1] The Act has since been amended to provide for increases in the amount of compensation payments. Act of January 17, 1968, P. L.    , §1, effective March 17, 1968, 77 P.S. §561 (Supp. 1970).

after, the Borough of Greenville and American Casualty Company shall be referred to as either the employer or the appellant).

Subsequently, Mrs. Anderson, as administratrix, filed a complaint in trespass against the driver of the vehicle which struck and killed her husband. An amicable settlement of $9500 was reached and approved by the Mercer County Court. The employer filed with the Workmen's Compensation Board a petition for suspension requesting a determination of the distribution to be made of the settlement among the various beneficiaries and the allocation of credit against compensation to which the employer was entitled under §319 of the Workmen's Compensation Act, which provides for the subrogation rights of an employer.

Under §307 (4½) appellee was to receive $47.50 per week because decedent was survived by a widow and more than three children. If he had been survived by a widow and no children, the payment would have been $30.50; if a widow and one child, $36.50; and if a widow and two children, $43.00. Of the amount received in settlement from the third party ($9500), $175 is subtracted for the purpose of this subrogation action, that being the difference between the actual funeral expense ($925) and the statutory burial allowance ($750). This is done because the employer is entitled to credit only for the actual amount it paid toward the funeral expense. The remaining $9325 was distributed to the beneficiaries in accordance with the intestate laws, the widow receiving one-third ($3,108.33) and the children one-ninth each ($1,036.11).

The controversy here concerns the extent to which the employer is to be subrogated to the proceeds of the settlement of the trespass action, i.e., how much of the settlement proceeds should be treated as advance payments on account of future compensation payments re-

quired to be paid by the employer during the initial three hundred fifty week period provided for in the Act. During that period three of the six children will attain the age of eighteen, and after that period the other three are entitled to receive payments until they reach that age. The parties have agreed that the compensation payable to each of the three younger children, from the expiration of the three hundred fifty week period until their eighteenth birthdays, should be applied against the share that each of them received in the settlement. As to the $47.50 per week payable during the three hundred fifty week period, appellee argues that such amount is hers alone and that, therefore only her one-third share of the settlement counts as the "recovery" which is treated as an advance payment under §319. Appellant argues that the $47.50 is payable in part to the widow ($30.50) and in part to the children ($17.00) and that the whole amount of the settlement should be treated as an advance payment under §319. The Workmen's Compensation Board held that the employer would only receive credit, or be subrogated, to the extent of the widow's share of the settlement. Both the lower court and the Superior Court affirmed this decision. We granted allocatur.

Section 319 of the Workmen's Compensation Act provides, in relevant part: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer. . . . Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance pay-

ment by the employer on account of any future instalments of compensation." In order for the carrier to be subrogated to the children's wrongful death recovery, the children must be dependents within the meaning of the section. In connection with other provisions of the Act, children have been held not to be dependents, but rather to enjoy a special status. They are said to generate enlarged payments to a widow, or to be entitled to payments on their own, when no eligible widow survives, only upon a showing that they are the deceased's children and are under the statutory age limit. *Smrekar v. Jones & Laughlin Steel Corp.*, 137 Pa. Superior Ct. 183, 8 A. 2d 461 (1939); *Morris v. Glen Alden Coal Company,* 136 Pa. Superior Ct. 132, 7 A. 2d 126 (1939); *Nordmark v. Indian Queen Hotel Co.,* 104 Pa. Superior Ct. 139, 159 Atl. 200 (1932); *Logan v. Pot Ridge Coal Co.,* 79 Pa. Superior Ct. 421 (1922). "Dependents," within the meaning of §319, has been held to mean persons entitled to compensation under the Act. *Mooney v. Lederman,* 20 Pa. D. & C. 413 (1934). Therefore, for statutory subrogation to apply, it must be determined whether the children have a right of recovery under the Act.

Children, as provided in §307, 77 P.S. §561, are entitled to compensation in their own right only when the deceased is not survived by an eligible widow. When such a widow exists, the existence of the children serves to generate a larger compensation payment to the widow. The children, however, in such a situation, have no right of their own to recover compensation. *Cole v. Keystone Public Service Co.,* 128 Pa. Superior Ct. 489, 194 Atl. 237 (1937). Further, the fourth, fifth and sixth children do not generate additional compensation payable to the widow. Therefore, it is clear that under these facts the payments to the widow are made so that she may acquit her legal obligation to

support her children, Act of June 24, 1937, P. L. 2045, §3, as amended, 62 P.S. §1973, *Huffman v. Huffman,* 311 Pa. 123, 166 Atl. 570 (1933), and are not recovered by the children in their own right.[2]

Subrogation has been equated to and interchanged with the word substitution and the basic idea is that of substituting the insurance carrier for the insured in the insured's action against a third party. *Home Owners' Loan Corporation v. Crouse,* 151 Pa. Superior Ct. 259, 30 A. 2d 330 (1943); R. Anderson, Couch on Insurance 2d, §61:399 (1966). Subrogation is an equitable doctrine and is applicable whenever a debt or obligation is paid from the funds of one person although primarily payable from the funds of another. *Rohm & Haas Company v. Lessner,* 168 Pa. Superior Ct. 242, 77 A. 2d 675 (1951). See also, *McCahan's Estate,* 312 Pa. 515, 168 Atl. 685 (1933). The doctrine of subrogation thus implies the need for some identity between the fund created by the insurance agreement and the fund created by the cause of action against the tortfeasor. That is, there is implicit in subrogation an equatability between the obligation of the compensation payor and the obligation of the tortfeasor payor, so that the two funds are going to satisfy the same duty, liability or obligation to the same person. Here, appellee's children are not generating compensation payments on their own behalves and in their own right, even though the compensation payments may be allocable.[3] Recoveries by the children in a wrongful death

---

[2] This, of course, only refers to the older three children here who will generate increased payments during the first three hundred fifty weeks, and not to those children who will collect compensation after that period, for their own benefit, until they reach eighteen (18) years of age.

[3] Allocation of compensation payments between widow and children is still an undecided question where more than three children and a widow are left as survivors of the deceased employee. The

action, however, are in their own right, upon a showing of damages, while enlarged compensation payments are made without any proof of dependency by the children. *Nordmark v. Indian Queen Hotel Co.*, supra. The essence of this action is that the compensation carrier is attempting to recover from the wrongful death fund created by the children in their own right Workmen's Compensation payments it made to the widow which the children could not recover in an action of their own. The obligations satisfied by the funds are not equatable; the parties permitted to recover are not the same. Therefore, subrogation is not appropriate as to the funds recovered by the children in the wrongful death action.

We hold that where a widow institutes a workmen's compensation action and an increased award to her is generated by the presence or existence of children, the compensation carrier is not subrogated to the recovery received by the children in a wrongful death action. We are not deciding whether subrogation to such recovery is appropriate when there is no widow or when the widow refuses to proceed with a workmen's compensation action or when the widow's right to compensation is terminated, or when the children do not live with her or otherwise are entitled to be separately compensated.

Order affirmed.

OPINION PER CURIAM, January 28, 1971:

The foregoing opinion was prepared by the late Justice Herbert B. COHEN before his death on December 3, 1970. It is now adopted and filed as the opinion of the Court.

cases so far decided have dealt with situations involving three or less children. See, *Ellis v. Atlantic Refining Co.*, 309 Pa. 287, 163 Atl. 531 (1932) ; *Kelly v. Ochiltree Electric Company*, 140 Pa Superior Ct. 265, 14 A. 2d 351 (1940).