**ALLSTATE ERECTORS, INC., Employer-Appellant,**

v.

**Gloria E. BOSHELL, for Charles D. Boshell, and Dianne Boshell, for Samuel D. Boshell, Claimants-Appellees.**

Superior Court of Delaware, Kent.

Nov. 27, 1972.

---

Julius Komissaroff, Berg, Taylor & Komissaroff, Wilmington, for Allstate Erectors, Inc.

John J. Schmittinger, Schmittinger & Rodriguez, Dover, for claimants-appellees.

QUILLEN, Judge.

The issue in this case concerns the amount of death benefits under Delaware's Workmen's Compensation Law.

Concisely stated, the facts are that the deceased employee, A. C. Boshell, had two children by two different women. At the time of his death, he had been divorced from the mother of Charles Douglas Boshell and had married and was living with Dianne Boshell and had had a child by Dianne Boshell, whose name is Samuel Dean Boshell. The child by the first marriage, Charles Douglas Boshell, lives with his natural mother, Gloria E. Boshell Rose, who has since remarried.

The pertinent portions of the law are 19 Del.C. § 2330(a) and 19 Del.C. § 2330(e) which read as follows:

"(a) In case of death, compensation shall be computed on the following basis and distributed to the following persons—

(1) To the child or children if there is no widow or widower entitled to compensation, 50 per cent of the wages of the deceased, with 10 per cent additional for each child in excess of two, with a maximum of 80 per cent to be paid to their guardian.

(2) To the widow or widower, if there are no children, 50 per cent of wages provided that the minimum amount payable shall not be less than $15 per week.

(3) To the widow or widower, if there is one child, 65 per cent of wages;

(4) To the widow or widower, if there are two children, 70 per cent of wages;

(5) To the widow or widower, if there are three children, 75 per cent of wages;

(6) To the widow or widower, if there are four or more children, 80 per cent of wages;

(7) If there is no widow, widower, or children, then to the father and mother, or the survivor of them, if dependent to any extent upon the employee for support at the time of his death, 20 per cent of wages;

(8) If there is no widow, widower, children, or dependent parent, then to the brothers and sisters, if actually dependent to any extent upon the decedent for support at the time of his death, 15 per cent of wages for one brother or sister, and 5 per cent additional for each additional brother or sister, with a maximum of 25 per cent, such compensation to be paid to their guardian."

"(e) Compensation payable to the widow or widower shall be for the use and benefit of such widow or widower and of the dependent children and the Board may from time to time apportion such compensation between them in such way as it deems best. The Board may require payments to be made direct to a

**318**

minor who has been injured and may also require payments to be made to the person caring for any dependent minor, when, in the opinion of the Board, the expense of securing the appointment of a guardian would be disproportionate to the amount of compensation payable to such minor."

The Industrial Accident Board decided that Dianne Boshell shall be compensated under 19 Del.C. § 2330(a)(3) or 65% of the wages and that Gloria E. Boshell Rose, guardian for Charles D. Boshell, shall be compensated under 19 Del.C. § 2330(a)(1) or 50% of the wages.

In my opinion, the ruling by the Board is erroneous. There is nothing in the statute which suggests a double recovery because beneficiaries are living in two separate households. To the contrary, the precise situation provided by the statute, survival by a widow and two children, exists in this case. In addition, the statute in section 2330(e) gives the Board the power to apportion benefits and to require payments for a minor to be made to the person caring for the minor. It seems clear from the statute alone that the total recovery must be limited to 70% of wages. There is no room for interpretation.

This Court cannot under the guise of construing the statute with liberality in accordance with its purpose rewrite the statute to provide benefits of 115% of wages when the Legislature expressly stated that benefits shall be 70% of wages. If a separate household concept is to be introduced into the benefit law, it is the Legislature and not the Judiciary who must initiate the change in the statute and enunciate the statutory provisions. Cole v. Keystone Public Service Company, 128 Pa.Super. 489, 194 A. 237 (1937).

The decision of the Industrial Accident Board is reversed and the matter remanded to the Board for further proceedings consistent with this opinion. In particular, the Board shall make an appropriate apportionment of the maximum benefits payable,

namely 70% of wages, among the widow and the dependents, and shall make an appropriate decision as to the application for counsel fees in the light of this opinion.

It is so ordered.