**Gloria E. BOSHELL et al., Claimants-Appellees Below, Appellants,**

v.

**ALLSTATE ERECTORS, INC., Employer-Appellant Below, Appellee.**

Supreme Court of Delaware.

March 26, 1973.

**620**

John J. Schmittinger, Schmittinger & Rodriguez, Dover, for claimants-appellees below, appellants.

Howard M. Berg, and Julius Komissaroff, Berg, Taylor & Komissaroff, Wilmington, for employer-appellant below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice.

This appeal involves the measure of death benefits, under our Workmen's Compensation Law [19 Del.C. § 2330(a)] *, when there are surviving children of the deceased employee living in two separate households.

One child lives with his mother, the employee's divorced wife. The other child lives with his mother, the employee's widow. The Industrial Accident Board made an award to the widow under § 2330(a)(3) and an additional award to the child of the divorced wife under § 2330(a)(1). The Superior Court reversed, holding that one award should have been made under § 2330(a)(4). See 301 A.2d 316.

---

* 19 Del.C. § 2330(a) provides in pertinent part:

"§ 2330. Compensation for death

"(a) In case of death, compensation shall be computed on the following basis and distributed to the following persons—

"(1) To the child or children if there is no widow or widower entitled to compensation, 50 per cent of the wages of the deceased, with 10 per cent additional for each child in excess of two, with a maximum of 80 per cent to be paid to their guardian.

"(2) To the widow or widower, if there are no children, 50 per cent of wages provided that the minimum amount payable shall not be less than $15 per week.

"(3) To the widow or widower, if there is one child, 65 per cent of wages.

"(4) To the widow or widower, if there are two children 70 per cent of wages."

We agree with the decision of the Superior Court for the reasons stated therein. The Statute is clear and unambiguous; there is no room for construction. Since the employee is survived by a widow, § 2330(a)(1) is inapplicable. The appellant's arguments for the practical need of increased benefits for surviving children living in separate households, as here, are appealing; but they are for the consideration of the General Assembly. The Law, clear and unambiguous on its face, may not be enlarged by judicial interpretation. Ruddy v. I. D. Griffith & Co., Del.Supr., 237 A.2d 700 (1968); see Anderson v. Borough of Greenville, 442 Pa. 11, 273 A.2d 512, 514 (1971).

Affirmed.