Mary FARMER, Appellant,

v.

Thomas N. FARMER, Jr., Catherine Farmer, Mark Taylor Farmer and Karen Elizabeth Farmer, minors, b/n/f Charlotte Diane Farmer, Appellees.

Supreme Court of Tennessee.

Feb. 27, 1978.

Harry Berke, Berke, Berke, & Berke, Chattanooga, for appellant.

Richard Dietzen, Dietzen, Dietzen & Barker, Chattanooga, for appellees.

OPINION

COOPER, Justice.

This is a workmen's compensation case. The only issue on appeal is the proper allocation of death benefits among the widow

of an employee and his children by a previous marriage.

Thomas N. Farmer, an employee of Rockwell International Corporation (Rockwell), was killed in the course of his employment. Rockwell brought this action, seeking to have the court approve and apportion the death benefits payable under the Workmen's Compensation Law. At trial, the evidence showed that the deceased employee was survived by his widow, Mary Farmer, and by his four children by a previous marriage, who were in the custody of his former wife. Evidence was also introduced concerning the employee's earnings and his support obligations under the divorce decree. The chancellor, after determining that the deceased employee's dependents were entitled to the maximum death benefits of $85 per week as provided in T.C.A. § 50–1010, allocated 4/7 of those benefits to the children and 3/7 to the widow. The widow has appealed, contending that she is entitled to a greater share, both under the statute and in equity.

The allocation and the amount of the death benefits payable to the dependents of a deceased employee are governed in part by T.C.A. § 50–1013, which provides in pertinent part as follows:

(a) . . .

(3) Wife, child, mother, father, grandmother, grandfather, sister, brother, mother-in-law, and father-in-law who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his actual dependents, and payment of compensation shall be made to them in the order named.

\* \* \* \* \* \*

(c) Compensation in death cases. In death cases, compensation payable to dependents shall be computed on the following basis, and shall be paid to the persons entitled thereto, without administration:

(1) Widow and no dependent child. If the deceased employee leave a widow and no dependent child, there shall be paid to the widow fifty percent (50%) of the average weekly wages of the deceased.

(2) Widow and child. If the deceased leave a widow and one or more dependent children, there shall be paid to the widow for the benefit of herself and such dependent child or children, sixty-six and two thirds percent (66⅔%) of the average weekly wages of the deceased.

(3) Widow and children, how paid. In all cases where compensation is payable to a widow for the benefit of herself and dependent child or children, the court shall have the power to determine in its discretion what portion of the compensation shall be applied for the benefit of any such child or children, and may order the same paid to a guardian.

\* \* \* \* \* \*

(13) Actual dependents. Actual dependents shall be entitled to take compensation in the order named in subsection (a)(3) above, until sixty-six and two thirds percent (66⅔%) of the monthly wages of the deceased during the time specified in this chapter shall have been exhausted, but the total compensation to be paid to all actual dependents of a deceased employee shall not exceed in the aggregate eighty-five dollars ($85.00) per week.

The deceased employee left a widow and four dependent children. Under T.C.A. § 50–1013(c)(2), the widow and children are entitled to receive 66⅔% of the average weekly wage of the deceased, subject to the maximum benefit of $85 per week set forth in T.C.A. § 50–1010. Those benefits are payable to the widow under T.C.A. § 50–1013(c)(3), with the provision that the court may, in its discretion, allocate the benefits among the widow and children, and order that the benefits allocated to the children be paid to a guardian. The chancellor determined that a proper allocation of the benefits would be to award 3/7 to the widow and 4/7 to the children, with the portion due the children to be paid to the former wife

of the deceased as their guardian. The appellant contends that this was error— that T.C.A. § 50–1013(a)(3), which sets forth the order in which dependents are to receive benefits, demonstrates an intent on the part of the legislature that the widow receive benefits in preference to the children. We do not agree with that construction of the statute. As we view it, T.C.A. § 50–1013(c)(3) expressly provides that when a deceased employee leaves both a widow and dependent children, the benefits are payable jointly, subject to the power of the court to allocate the benefits among them should that be appropriate. The separate listing of "wife" and "children" in T.C.A. § 50–1013(a)(3) is less to establish the priority between them than to establish the priority of each over the potential beneficiaries listed subsequently. *See Allstate Erectors v. Boshell,* 301 A.2d 316 (Del.Super.1972), aff'd 305 A.2d 619 (Del.1973), for a similar construction of a comparable statute. Also compare *Williams v. Travelers Insurance Co.,* 530 S.W.2d 283 (Tenn.1975), in which the court approved a division of benefits among a widow and dependent children as being within the trial judge's discretion.

The appellant further contends that, under the facts of this case, she is entitled to a greater portion of the benefits than was awarded to her. Upon a consideration of the record, we find no abuse of discretion in the proration of benefits decreed by the chancellor.

The judgment of the chancellor is affirmed. Costs of the appeal are adjudged against the appellant.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.