340

Before Shughart, *P.J.*, and Sheely, *J.*

*William A. Addams,* for plaintiff.
*William F. Martson,* for defendant.

SHEELY,*J.*, November 19, 1979—On September 8, 1975, Gladys Lacher (hereinafter claimant), was injured in an automobile accident on the Schuylkill Expressway, when the car in which she was riding

as a passenger was struck from the rear by a tractor trailer. The insurance claimant was in a car which had been rented on September 5, 1975, from Budget-Rent-A-Car in Steelton, Pennsylvania, by claimant's husband, Paul R. Lacher. The rental agreement indicated that the vehicle was covered by a liability insurance policy issued by Liberty Mutual Insurance Company (hereinafter Liberty Mutual). J. C. Penney Casualty Insurance Company (hereinafter Penney), insured claimant's adult daughter, who indicated that she lived with claimant.

Claimant filed a claim under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, art. I, sec. 103, 40 P.S. §1009.103 (hereinafter No-fault Act), against Penney, plaintiff, assuming that she was insured under her daughter's policy with Penney. Penney tendered the claims to Liberty Mutual, defendant, which refused to pay the claims. Beginning January 19, 1976, until October 26, 1977, Penney paid no-fault benefits to claimant. Thereafter, the losses to claimant continued, but plaintiff refused to pay, asserting that Liberty Mutual was actually the insurer who was liable to claimant. Claimant then sued both Penney and Liberty Mutual in this court to determine who was liable. On January 19, 1979, after trial, the court ordered Liberty Mutual, as claimant's insurer, to begin paying no-fault benefits to her. No appeal was taken from this decision.

On March 26, 1979, Penney instituted an action against Liberty Mutual in assumpsit. On May 23, 1979, Penney filed an amended complaint against Liberty Mutual, averring that Penney paid claimant because of the reasonable belief it owed them a duty, such belief stemming from mistakes of fact and law. Penney, claiming that it had unjustly

enriched defendant, seeks restitution for the $25,852.16 which Penney paid claimant, plus 18 percent interest and reasonable attorney fees since January 19, 1979, when Liberty Mutual was adjudged liable to claimant.

Liberty Mutual filed preliminary objections to the complaint and the amended complaint, in the nature of demurrers and a motion to strike the plaintiff's claim for interest, attorney fees and costs. These motions are the subject of this opinion.

A demurrer by a defendant admits all the well-pleaded averments of the complaint and all the inferences fairly deducible therefrom for the sole purpose of testing the legal sufficiency of the challenged pleadings: Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976).

Restitution is based upon considerations of equity and fairness. The equitable doctrine of restitution does not depend on a contractual relationship between parties, but may be employed whenever one party, not acting officiously, confers a benefit upon a second party, who accepts and retains the benefit and is unjustly enriched thereby: National Maritime Union of America v. Paschaledes, 192 Pa. Superior Ct. 362, 161 A. 2d 646 (1960). Restatement, Restitution, §43, provides:

"(1) A person who, by payment to a third person, has discharged the duty of another or has released another's property from an adverse interest, doing so unintentionally or acting because of an erroneous belief induced by a mistake of fact that he was thereby discharging a duty of his own . . . is entitled to restitution from such other of the value of the benefit conferred up to the value of what was given, unless the other disclaims the transaction."

Section 54 is identical except that it provides for restitution when the payment is induced by a mistake of law.

Penney, in its pleadings, avers that it paid no-fault benefits to claimant because of its reasonable belief that it had a contractual duty requiring the payment. It asserts that this belief was induced by a mistake of fact that claimant resided at the same household as her daughter, who was insured by Penney, and a mistake of law that claimant was thereby insured by Penney under that policy. Penney avers that its payments to claimant were not made voluntarily but were induced by duress by virtue of the penalty provisions in sections 106 and 107 of the No-fault Act. Finally, Penney asserting that it has discharged what is in fact Liberty Mutual's duty to claimant, seeks to be returned to the status quo.

Clearly Penney has averred that it did not act voluntarily, but to protect its own rights, in paying the debts which Liberty Mutual owed to claimant. The pleadings show that Penney discharged Liberty Mutual's obligations to claimant as each of the monthly payments came due. Penney, therefore, paid each debt in full. Because Liberty Mutual is primarily liable to claimant, plaintiff avers it has been unjustly enriched by Penney. We find sufficient averments to support a cause of action in restitution.

Plaintiff also seeks (1) subrogation to claimant's rights against defendant for the no-fault benefits due claimant from January 19, 1976, until October 26, 1977, and (2) contribution from Liberty Mutual for the payments Penney made to claimant under section 204(b) of the No-fault Act.

In Count I of its complaint, plaintiff seeks to be subrogated to claimant's rights against Liberty Mutual. Subrogation is merely a form of restitution. Subrogation is usually applied where parties, such as sureties, pay a debt due to a third party, for which another is primarily answerable, and who pays the debt not as a volunteer but because he is secondarily liable: United States v. Department of Highways, 349 F. Supp. 1370 (E.D. Pa. 1972); Anderson v. Greenville Borough, 442 Pa. 11, 273 A. 2d 512 (1971); Home Owners' Loan Corp. v. Crouse, 151 Pa. Superior Ct. 259, 30 A. 2d 330 (1943). There can be no subrogation until the party claiming the right of subrogation has paid the debt in full: John B. White, Inc. v. Providence Ins. Co., 329 F. Supp. 300 (E.D. Pa. 1971); Demmery v. National Union Fire Ins. Co., 210 Pa. Superior Ct. 193, 232 A. 2d 21 (1967). We find no merit to the subrogation claim.

Liberty Mutual's demurrer to the contribution clause of Count II is based upon section 204(b) of the No-fault Act which reads:

"If two or more obligations to pay basic loss benefits apply equally to an injury under the priorities set forth in subsection (a) of this section, the obligor against whom a claim is asserted first shall process and pay the claim as if wholly responsible. Such obligor is thereafter entitled to recover contribution pro rata from any other such obligor for the basic loss benefits paid and for the cost of processing the claim."

While contribution between insurers is permitted by the No-fault Act, there can be no contribution in

this instance. Penney and Liberty Mutual were not both obligated to pay claimant no-fault benefits. Liberty Mutual was, and is, solely liable. Contribution would only be required if Penney and Liberty Mutual had both been liable to claimant. The demurrer to Count II is sustained.

We need not consider Liberty Mutual's motion to strike Penney's claim for attorney fees as that motion has been withdrawn in Penney's trial brief. The motion to strike Penney's claim for 18 percent interest still stands and must be sustained. Section 106(a)(2) of the No-fault Act states that: "No-fault benefits are overdue if not paid within thirty days after the receipt by the obligor of each submission of reasonable proof of the fact and amount of loss sustained. . . . Overdue payments bear interest at the rate of eighteen per cent (18%) per annum."

Although the claim was originally tendered to Liberty Mutual who denied the claim, the claims were not overdue as they were paid by Penney. The No-fault Act only addresses the overdue situation between an obligor and a claimant. It does not apply to an action for restitution.

ORDER

And now, November 19, 1979, defendant's demurrer to the subrogation claim (Count I) and to the contribution claim (Count II) is sustained. Defendant's motion to strike the claim for 18 percent interest is sustained.

The demurrer to the cause of action seeking restitution is dismissed and defendant is given 20 days to file an answer.