Brenda Conrad Bowers, Petitioner *v.* Workmen's Compensation Appeal Board (Stroehmann Brothers Company), Respondents.

Submitted on briefs September 13, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*Lee C. Swartz, Hepford, Swartz, Menaker & Wilt,* with him *Lawrence B. Abrams, Rhoads, Sinon & Hendershot,* for petitioner.

*Frank L. Tamulonis, Jr.,* with him *John F. Brennan, Zimmerman, Lieberman & Derenzo,* for respondent, Stroehmann Brothers Company.

Opinion by President Judge Crumlish, Jr., March 11, 1983:

Brenda Conrad Bowers appeals a Workmen's Compensation Appeal Board order granting subrogation to a workmen's compensation insurance carrier. We affirm.

After her husband was killed in the course of his employment in 1974, Bowers received workmen's compensation benefits for herself and the children.[1] When she remarried, her benefits ceased but her children continued to receive benefits directly.[2] Subsequently, both Bowers and her children received an out-of-court settlement from a third-party tortfeasor.[3] The workmen's compensation insurance carrier instituted suit seeking credit against future compensation payments to the children from the time Bowers remarried. The referee granted subrogation and the Board affirmed.

The question of whether an insurance carrier is entitled to subrogation of workmen's compensation benefits directly paid to the children of a remarried widow

---

[1] Bowers received $106.00 a week for herself and her two children.

[2] At the time of Bowers' remarriage on October 4, 1974, Steven Conrad and Brad Conrad were entitled to compensation in their own right of $81.90 per week for the period October 5, 1974 to December 9, 1989 (Steven's eighteenth birthday), a period of 792 weeks; beginning December 9, 1989 to November 21, 1991 (Brad's eighteenth birthday), Brad Conrad was entitled to Compensation in his own right of $62.40 per week, a period of 206-1/7 weeks.

[3] The wrongful death claim was settled for $80,000. The tortfeasor is not a party to this action.

has not been specifically addressed by the courts of this Commonwealth. Our Supreme Court, in *Anderson v. Greenville Borough et al.*, 442 Pa. 11, 273 A.2d 512 (1971), held that when part of a workmen's compensation award to a widow was generated by the existence of children, the compensation insurer was not subrogated to recovery received by the children in a wrongful death action. The Court, however, specifically refused to address other situations, such as the insurance carrier's subrogation right vis-a-vis the children when the widow's right to compensation was terminated.

The test used in *Anderson* to decide a carrier's entitlement to subrogation was whether the person receiving an award is a "dependent" under Section 319 of the Workmen's Compensation Act.[4] Under Section 319, the employer (or his insurance carrier) shall be subrogated to the rights, among others, of dependents

[4] Section 319 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §671, which provides, in pertinent part, as follows:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation. (Footnote omitted.)

against any payment by third parties. "Dependents" was defined in *Anderson,* using prior case law,[5] "to mean persons entitled to compensation under the Act." *Anderson* at 15, 273 A.2d at 514. In *Anderson,* however, the Court concluded that the children were not classified as dependents since the payment went directly to the widow. In this case, the two children received the payments directly after the remarriage of their mother. In applying the *Anderson* test, we conclude that the children became dependents when their mother remarried and the compensation carrier is subrogated to any third-party settlement from that day forward.

Bowers also argues that the compensation carrier represented to her that no part of the children's compensation payments would be subject to subrogation by the carrier and therefore any subrogation rights were waived. The insurance carrier denied making such a representation. The referee found, and the Board affirmed, that there had been no waiver of this right. Since the evidence in the record substantiates the Board's decision on this issue,[6] we affirm it.

Affirmed.

---

[5] *Mooney v. Lederman,* 20 Pa. D. & C. 413 (1934).

[6] Our scope of review is delineated in 2 Pa. C.S.A. §704:

§704. Disposition of appeal

The court shall hear the appeal without a jury on the record certified by the Commonwealth agency. After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa. C. S. §706 (relating to disposition of appeals).

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-80717 dated October 5, 1981, is hereby affirmed.