544 A.2d 1103

Janet M. Roman, Widow, Emmerich Roman, Deceased, Petitioner *v.* Workmen's Compensation Appeal Board (Yannuzzi, Inc.), Respondents.

Submitted on briefs May 11, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Michael D. Bart,* for petitioner.

*Matthew D. Dempsey,* with him, *John R. Lenahan, Jr., Lenahan & Dempsey, P.C.,* for respondent.

OPINION BY JUDGE DOYLE, July 27, 1988:

This is an appeal by Janet M. Roman (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) granting Yannuzzi, Inc. (Employer) a credit setoff against the payment of future compensation in the amount of $273,408.69.

Because the facts in this case are undisputed the parties entered into stipulations. Emmerich Roman (Decedent) was employed by Employer when, on September 25, 1981, he suffered a fatal injury. Decedent was survived by Claimant (his wife) and his minor daughter. Claimant began receiving workmen's compensation benefits on behalf of herself and her minor daughter. In April 1983 Claimant and her daughter entered into a third-party settlement agreement for $450,000.00 with the negligent tortfeasor who had caused the Decedent's death. On July 2, 1983 Claimant remarried. Subsequently, the referee determined that Employer was entitled to a credit setoff against future payment pursuant to Section 319 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §671. That Section pertinently provides:

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or *his dependents*, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that portion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation. (Emphasis added.)

The Board affirmed the referee's decision and this appeal ensued. Our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Before this Court Claimant contends first that the Board erred in allowing the setoff of future payments as to the portion of the settlement which went to the minor child. Section 319 grants an employer the right to

subrogation as to, *inter alia,* "dependents" in third-party settlements. The question of whether minor children are considered "dependents" for purposes of Section 319 was considered in *Anderson v. Greenville Borough,* 442 Pa. 11, 273 A.2d 512 (1971). In that case our state Supreme Court held that "dependents," as that term is used in Section 319, means persons who are entitled to compensation under the Act. The *Anderson* Court then reasoned that pursuant to the provisions of Section 307 of the Act, 77 P.S. §561, children are entitled to compensation in their own right only when the decedent is not survived by an eligible widow and, hence, a minor child is not a dependent under Section 319 when an eligible widow is living. The case further held that because, where there is an eligible widow, a minor child is not entitled to compensation on his or her own behalf, an insurer's attempt to acquire a setoff from proceeds the minor child received in a wrongful death action where the child *does* obtain damages in his or her own right must fail.

The question which the *Anderson* Court did not decide is what happens with respect to an insurer's subrogation rights as to a minor child when an otherwise eligible widow subsequently remarries. It is clear that remarriage terminates the widow's own rights. Section 307 of the Act, 77 P.S. §562, provides in pertinent part:

> Should any dependent of the deceased employe . . . remarry . . . the right of such dependent or widower to compensation under this section shall cease except that if a widow remarries, she shall receive one hundred four weeks compensation . . . in a lump sum after which compensation shall cease. . . .

The question of how remarriage impacts upon subrogation rights as to a minor child where there has been a third-party settlement was addressed by this Court in

*Bowers v. Workmen's Compensation Appeal Board (Stroehmann Brothers Co.),* 72 Pa. Commonwealth Ct. 513, 457 A.2d 174 (1983). The precise issue considered in *Bowers* was whether an insurance carrier is entitled to subrogation of benefits paid directly to the children of a remarried widow. In answering this question President Judge CRUMLISH stated:

> In Anderson, . . . the Court concluded that the children were not classified as dependents since the payment went directly to the widow. In this case, the two children received the payments directly after the remarriage of their mother. In applying the Anderson test, we conclude that the children became dependents when their mother remarried and the compensation carrier is subrogated to any third-party settlement from that day forward.

*Id.* at 516, 457 A.2d at 176. *Accord Powell v. Sacred Heart Hospital,* 99 Pa. Commonwealth Ct. 575, 514 A.2d 241 (1986); *cf. Reese v. Workmen's Compensation Appeal Board (Penn Nutrients, Inc.),* 95 Pa. Commonwealth Ct. 325, 505 A.2d 405 (1986) (no remarriage).

Claimant seeks to distinguish *Bowers* arguing that in the instant case the settlement preceded the remarriage so that at the time the settlement occurred the minor child was not a dependent under the Act. The operative date, however, as *Bowers* indicates, is not the date of the settlement, but the date of the remarriage. Were we to accept Claimant's theory one could merely delay remarriage until after the third-party settlement and, in effect, circumvent entirely the strictures of Section 307 of the Act. We do not believe that such result was intended by the legislature and, accordingly, we reject Claimant's argument.

Claimant's other contention is that it was error for the Board to grant a setoff for the entire amount of her

104 week "dowry payment." Relying upon *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board,* 506 Pa. 592, 487 A.2d 794 (1985), she maintains that she should continue to receive payments at the equivalent percentage to attorneys' fees and costs despite the third-party settlement and her remarriage. *Rollins* did hold that an employer must pay benefits equal to the attorney fee percentage in cases involving third-party settlements. *Rollins* did not, however, involve a remarriage situation. Such situation is expressly governed by Section 307 which clearly establishes that the remarried widow is entitled to 104 weeks of compensation in a lump-sum payment at which point her right to benefits *terminates*. We may not read into Section 307 an additional right to benefits not placed there by the legislature.

Affirmed.

ORDER

Now, July 27, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.