**Nancy WELCH, et al., Petitioners,**

v.

**STATE of Delaware, Respondent.**

**Civ. A. No. 1060.**

Court of Chancery of Delaware, Kent County.

Submitted: Feb. 18, 1991.
Decided: May 31, 1991.

Douglas B. Catts, and Crystal L. Reihm, Schmittinger & Rodriguez, P.A., Dover, for petitioners.

B. Wilson Redfearn, Nancy E. Chrissinger, and Sean A. Dolan, Tybout, Redfearn & Pell, Wilmington, for respondent.

HARTNETT, Vice Chancellor.

The only issue raised by petitioners' motion for summary judgment is whether the State of Delaware is entitled to assert by subrogation a claim against the proceeds of a proposed settlement of a wrongful death claim brought on behalf of the minor children of a deceased employee of the State.

The Court finds that the State, as a matter of law, cannot assert a subrogation claim against the moneys due to the children on their claim for the wrongful death of their father although the State has paid certain workmen's compensation benefits which have indirectly benefitted the children.

## I.

The facts are not disputed. On July 31, 1987, David Welch, Sr., was killed when he was struck by a motor vehicle while working as a surveyor for the State of Delaware. He was survived by his widow Nancy Welch, and his minor children, David

Welch, Jr., and Tina Welch. The State has been paying Workmen's Compensation benefits to the widow, but not directly to the children, since the date of the accident pursuant to the Delaware Workmen's Compensation Act, 19 *Del.C.* Ch. 23.

Nancy Welch, on behalf of herself and as guardian of her minor children, sued the driver and the owners of the vehicle that struck the decedent in the United States District Court for the District of Delaware pursuant to Delaware's Wrongful Death Statute. 10 *Del.C.* §§ 3721–3725. The insurance carrier for the defendants in that suit offered to settle for $175,000.

Petitioners then commenced this suit seeking this Court's approval of that portion of the settlement to be set aside for the minors and requested that the $175,000 settlement be apportioned: $75,000 to herself and $50,000 to each of the two children.

The Delaware's Workmen's Compensation Act confers a right on an employer to recover by subrogation any money paid to an employee, or his dependents, arising from a tort action against a third party for an injury for which the employer has paid Workmen's Compensation benefits. 19 *Del.C.* § 2363(e). Petitioner, therefore, also asserted a claim for a Declaratory Judgment that the State is entitled to reach in subrogation only the $75,000 to be received by herself from the wrongful death claim and cannot attach any of the settlement to be received by the children. Respondent, the State, counterasserted a claim for the entire $175,000 settlement amount or as much thereof as is necessary to reimburse the State for all sums paid or to be paid to the widow as Workmen's Compensation.

The State subsequently moved to dismiss this suit on grounds that this Court lacked subject matter jurisdiction over the claims asserted and that the complaint failed to state a claim upon which relief could be granted. Petitioners then filed a motion for summary judgment with respect to the State's claim of a right of subrogation to the portion of the settlement to be apportioned to the children.

This Court denied the State's motion to dismiss and reserved decision on petitioners' motion for summary judgment. *Welch v. State*, Del.Ch., C.A. No. 1060–K, 1991 WL 23582, Hartnett, V.C. (Feb. 18, 1991). This is the Court's opinion on petitioners' motion for summary judgment.

II.

When a covered employee is killed, the Delaware Workmen's Compensation Act, 19 *Del.C.* § 2330(a), requires that a percentage of the employee's weekly wage be paid to his survivors and designates who is to receive the payments. 19 *Del.C.* § 2330(a)(4) states that payment is to be made "*To the widow* or widower, if there are 2 children, 70% of wages." (Emphasis added). The children of a decedent are not to receive direct payment under the Act unless there is no widow or widower entitled to compensation. The petitioners therefore assert that the widow, Nancy Welch, was the only person compensated for the death of David Welch, Sr., under the provisions of the Workmen's Compensation Act.

The Welch children, as well as their mother, sought a recovery against those causing Mr. Welch's death under Delaware's Wrongful Death Actions Act, 10 *Del.C.* §§ 3721–25, which was enacted after the Workmen's Compensation Act. Pursuant to the Wrongful Death Act, more than one person may recover, although there is to be only one lawsuit. *Johnson v. Physicians Anesthesia Service, Inc.*, 621 F.Supp. 908, 911 (D.Del.1985). 10 *Del.C.* § 3724(a) states "An action under this subchapter [for wrongful death] shall be for the benefit of the wife, husband, parent and child of the deceased person." The award is to be divided among the beneficiaries proportional to the injury resulting from the death. 10 *Del.C.* § 3724(a).

Reading the Wrongful Death Statute and the Workmen's Compensation Act together, the petitioners assert that although the Workmen's Compensation benefits that were paid to Nancy Welch compensated her for the loss of her husband, they did not

compensate the children for the loss of their father. While Mrs. Welch concedes that she did receive a larger sum under the Workmen's Compensation Act because the decedent had two dependent children, she asserts that the extra amount was due because of the deceased parent's duty to provide for his dependent children, not to compensate the children for his wrongful death. She further asserts that the children's recovery under the Wrongful Death Act was in their own right. She therefore claims the State is only entitled to assert a subrogation claim as to the portion of the wrongful death claim settlement allocated to her.

This issue has apparently never been addressed in this State. The petitioners rely heavily on *Anderson v. Borough of Greenville*, 442 Pa. 11, 273 A.2d 512 (1971). The facts in *Anderson* are substantially the same as those in the case at bar. In that opinion, the Supreme Court of Pennsylvania held that the employer was not entitled to assert a subrogation claim against the portion of a settlement that was distributed to the decedent's dependent children. The Court reasoned that the benefits received under the Pennsylvania Workmen's Compensation Act were distributed solely to the widow and the children did not have any right to recover under the Pennsylvania Workmen's Compensation Act as long as there was a widow. The Court held therefore that the employer could seek to subrogate only that portion of the settlement distributed to the widow. The Court stated,

> [T]here is implicit in subrogation an equatability between the obligation of the compensation payor and the obligation of the tortfeasor payor, so that the two funds are going to satisfy the same duty, liability or obligation to the same person. Here, [the widow's] children are not generating compensation payments on their own behalves and in their own right, even though the compensation payment are allocable. [Footnote omitted]. Recoveries by the children in a wrongful death action, however, are in their own right ... *Id.* at 515, 273 A.2d 512.

The Court concluded that the funds created by the compensation payments and the tort settlement were not equatable. Therefore, it held subrogation could not be obtained as to the tort damages recovered by the children. The State cites no case directly in point holding to the contrary.

Nor does the State dispute that Delaware's Wrongful Death Act is intended to benefit the children of David Welch, Sr. The State argues, however, that the Workmen's Compensation payments are also for the benefit of the children and therefore are subject to a subrogation lien. The State relies on 19 *Del.C.* § 2330(e) that provides, in part, "compensation payable to the widow or widower shall be for the use and benefit of such widow or widower and of the dependent children." The State further argues that if the Court were to follow petitioners' reasoning, the Welch children will recover a double benefit, which subrogation is designed to avoid.

The State cites two Delaware cases to support its argument. *Harris v. New Castle County*, Del.Supr., 513 A.2d 1307 (1986) and *Esterling v. Board of Trustees of the Fireman's Pension Fund of the City of Wilmington*, Del.Super., C.A. No. 84C–AP–29, 1988 WL 77774, Stiftel, J. (July 8, 1988). Neither are controlling here. In both cases the wife of the injured employee sought to shield a tort settlement recovery based on her claims for loss of consortium, from a subrogation claim resulting from payments to her by her injured husband's employer pursuant to the Workmen's Compensation Act. In both cases the entire amount of the wife's tort settlement was held to be subject to subrogation. The *Harris* court focused on the language of 19 *Del.C.* § 2363(e) that states, "*Any recovery* against the third party for damages resulting from personal injury, or death ... *shall first reimburse* the employer ...". (Emphasis added).

These cases are not controlling here, however, because a wife's claim for loss of consortium is a derivative claim, *Mergenthaler v. Asbestos Corp. of America, Inc.*, Del.Super., 534 A.2d 272 (1987), and not an

individual cause of action asserted under the Wrongful Death Act.

## III.

The Workmen's Compensation Act creates a benefit for an employee to compensate him if he is injured, or to compensate his dependents if he is killed while acting in the scope of employment. A right of subrogation allows the employer to be reimbursed for any payment made to the employee or to the designated dependents of a deceased employee that result from an action against a third party tortfeasor. 19 *Del.C.* § 2363(e). Subrogation therefore rightly prevents double recovery by the employee or his designated dependents for any single injury. *Moore v. General Foods*, Del.Supr., 459 A.2d 126 (1983).

The Workmen's Compensation Statute, however, does not provide that the employer can recover by subrogation funds from persons who did not receive the compensation payments. The critical issue here, therefore, is: "Who received the Workmen's Compensation payments?" Under the rationale of *Anderson*, the language of 19 *Del.C.* § 2363(e) only permits an employer to seek subrogation against any sums received by the person to whom compensation benefits were paid.

Based on the authorities cited by the parties, this Court must find that the Welch children did not recover in their own right under the Delaware Workmen's Compensation Act. The Workmen's Compensation benefits payable to the widow are not equatable with the sums to be received by the children pursuant to the wrongful death action claim brought on their behalf because the Welch children never directly received any Workmen's Compensation benefits and they will not be receiving a double recovery for the death of their father.

The sums to be received by the children from the wrongful death action suit are therefore free from any subrogation claims arising from payments made pursuant to the Workmen's Compensation Act and the State is entitled to subrogate only that portion of the wrongful death settlement that will be distributed to the widow, Nancy Welch. It may not seek by subrogation any settlement funds to be received by the Welch children.

Petitioners' motion for summary judgment is therefore granted.

IT IS SO ORDERED.

The issue of the correct allocation of the settlement is not now before the Court and will be considered at an appropriate time.