Workmen's Compensation Appeal Board and Mary Barta, Appellees, *v.* Envelope Manufacturing Association and Insurance Company of North America, Insurance Carrier, Appellants.

Argued February 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*Philip B. Silverman,* for appellant.

*Roland J. Artigues,* with him *Galfand, Berger, Senesky, Lurie & March,* and *James N. Diefenderfer,* for appellee.

OPINION BY JUDGE MENCER, March 25, 1975:

This is an appeal by the Envelope Manufacturing Association (appellant) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of compensation to Mary Barta (claimant).

Our scope of review in this type of case, in which the claimant has prevailed below, is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *Regent Bottling Company v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 8, 309 A. 2d 265 (1973). Appellant shows its awareness of our narrow scope of review by arguing as the only issue in this appeal that the referee's findings are not supported by the evidence. We do not agree and therefore affirm.

The referee's award of compensation was based on the following findings of fact:

"1. Claimant sustained an accidental injury on February 18, 1972 while in the employ of the defen-

dant and from which she became disabled the next day.

"2. The nature and cause of the injury were chronic lumbo-sacral strain developed from a low back injury when claimant, while sealing and stacking cartons of envelopes weighing approximately 30 pounds each, a carton slipped out of her hand, as she attempted to lift it above her head and stack it on top of the pile, the falling carton struck her in the groin, she fell against another stack of cartons, and although she did not strike the floor, she twisted herself so that she sustained the injury aforesaid.

"3. As a result of said injury, claimant became totally disabled on February 19, 1972 and her total disability still persists."

Our careful review of the record reveals that these findings are supported by substantial evidence. The finding of a compensable accident is supported by the testimony given by claimant; her co-worker, Julia Hartnett; and Dr. William Sagan as to the history he obtained when claimant came under his care. The finding of causation between the accident and claimant's injury is also supported by Dr. Sagan's testimony.

Appellant contends that Dr. Sagan's testimony on causation is not sufficient because he admittedly assumed there was trauma according to the history given by claimant. This contention is without merit. Dr. Sagan testified basically that, in finding causation between claimant's accident and her injury, he accepted the history of the accident which she gave. It was for the referee, as the fact finder, to decide whether or not this history was true. Since the referee found that claimant was involved in an accident while in the employ of appellant, Dr. Sagan's testimony linking this accident with her injury adequately supports the referee's finding of causation.

For all of the above reasons we therefore issue the following

114

## ORDER

AND NOW, this 25th day of March, 1975, the order of the Workmen's Compensation Appeal Board relative to the claim of Mary Barta is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of Mary Barta and against Envelope Manufacturing Association and Insurance Company of North America in the amount of $60 per week, beginning February 19, 1972 and continuing for an indefinite period, and for the sum of $2,562.96 for medical expenses, together with interest at the rate of 6 percent per annum on deferred installments from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.