Raymond J. Phillips *v.* North American Coal Company, Old Republic Companies and Commonwealth of Pennsylvania. North American Coal Company and Old Republic Companies, Appellants.

Argued June 10, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., and BLATT, sitting as a panel of three.

*Michael D. McDowell*, with him *Hirsch, Weise & Tillman*, for appellants.

*Eugene A. Creany*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE BLATT, October 26, 1976:

The North American Coal Company (appellant) appeals from a decision of the Workmen's Compensation Appeal Board (Board), dated November 26, 1975, which affirmed the referee's findings of fact and conclusions of law as well as his award of permanent total disability benefits to Raymond J. Phillips (claimant) pursuant to Section 301(a) of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §431.

The referee concluded and the Board agreed that the claimant was entitled to permanent total disability benefits. The following pertinent "Findings of Fact" were made:

2. Claimant was 57 years old and was last employed by North American Coal Corporation on July 16, 1973.

3. Claimant's work history is not disputed. He worked for various coal mining companies within the Commonwealth of Pennsylvania for the period extending from 1934 to July 16, 1973 or approximately 37 years. During the course of his

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

employment, claimant was exposed to a coal dust hazard.

5. Notice of claimant's disability and intention to file a claim petition for benefits under the Workmen's Compensation Act was given to the named defendants herein as well as the Commonwealth of Pennsylvania by petition and letter dated January 25, 1974.

6. The claimant is totally and permanently disabled as a result of his occupationally acquired lung disease, namely, coal worker's pneumoconiosis, which was acquired as a result of his total exposure to a coal dust hazard with his employers.

At the hearing which preceded the referee's order, the appellant contended that the claimant had known of his lung condition more than 120 days prior to notifying the appellant of his disability and was barred from recovering any benefits because he had failed to comply with the notice requirements of Section 311 of the Act.[2] The appellant attempted to substantiate this argument by eliciting testimony from the claimant which disclosed that chest x-rays taken in 1970 and 1972 had indicated that the claimant was then afflicted with pneumoconiosis and that the disease was progressing. The referee's ''Findings of Fact,'' however, (upon which his legal conclusions had to be

---

[2] Section 311 of the Act, 77 P.S. §631, provides, *inter alia*, as follows:

"[U]nless . . . notice be given [to the employer] within one hundred twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, *the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury* and its possible relationship to his employment. *The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.*" (Emphasis added.)

based), fail to note any such objection on the part of the appellant and do not resolve the notice question. They are also silent as to another matter which was raised at the hearing, which was the question of the claimant's suitability for other work and the availability of suitable work. The appellant introduced evidence and presented witnesses to indicate that the claimant was not totally disabled but that he was able to do light work and that jobs suited to his diminished physical ability were available in the vicinity of the claimant's residence. Dr. George D. Hansel testified that, although the claimant's physical "impairment" was severe, he was capable of performing three jobs which an occupational survey of the area had indicated as being available on October 23, 1974: chauffeur, elevator operator and ticket seller. The claimant did not offer any rebuttal to this testimony.

The appellant, on appeal to this Court, cogently and ably argues that the case should be remanded to the referee for a determination as to: (1) whether or not the claimant gave notice of his disability within 120 days of the time he either knew or had reason to know of his disability; and (2) whether or not his disability was only partial.

Our scope of review, when the claimant has prevailed below, is limited to a determination as to whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *Workmen's Compensation Appeal Board v. Envelope Manufacturing Association*, 18 Pa. Commonwealth Ct. 111, 334 A.2d 318 (1975). In the recent case of *Zacek v. Republic Steel Corporation*, 25 Pa. Commonwealth Ct. 199, 359 A.2d 842 (1976), we held that where the referee fails to make a finding on whether the Act's notice requirement has been satisfied, the case must be remanded for an appropriate finding

before we can reach its merits. *Zacek* controls here and we remand the case so that the referee may make the required finding on the notice issue.

We also believe that the referee erred in failing to make a determination as to whether or not the employer had sustained his burden of proving the availability of other employment and the claimant's ability to perform the same. *See Barrett v. Otis Elevator Company,* 431 Pa. 446, 246 A.2d 668 (1968); *United States Steel Corporation v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 67, 308 A.2d 200 (1973). On remand, therefore, an appropriate finding must also be made on this issue. *See Workmen's Compensation Appeal Board v. Winkleman,* 19 Pa. Commonwealth Ct. 33, 339 A.2d 647 (1975). In determining whether or not the claimant was only partially disabled, the referee should consider such factors as "the nature of the claimant's anatomical disability, his mental outlook, his occupational background, his age and the particular work he could perform, where his particular physical impairment is not a total bar. . . ." *Modern Cooler Company v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 22, 27, 333 A.2d 811, 814 (1975). In addition, the referee must satisfy himself that suitable work is available to the claimant, although an actual job offer need not be proved. *Workmen's Compensation Appeal Board v. Universal Cyclops Specialty Division of Cyclops Corporation,* 20 Pa. Commonwealth Ct. 261, 341 A.2d 223 (1975). It must also be borne in mind that there is no presumption that if suitable work is available the claimant can also procure it. *Petrone v. Moffatt Coal Company,* 427 Pa. 5, 233 A.2d 891 (1967); *Workmen's Compensation Appeal Board v. Inter-State Tile & Mantel Co.,* 20 Pa. Commonwealth Ct. 178, 341 A.2d 218 (1975). The employer must show that the claim-

108

ant is, in fact, employable within the relevant job market. *Petrone v. Moffatt Coal Company, supra.* "To say that an employer would take a seriously disabled person in preference to one who is without physical infirmity is to indulge in fantasy which has no place in the realism of law." *Id.* at 10, 233 A.2d at 894-95.

In view of the above, we issue the following:

#### ORDER

AND Now, this 26th day of October, 1976, the record in this case is remanded to the Workmen's Compensation Appeal Board which shall direct that a proper adjudication be conducted by a referee in which there shall appear the necessary and proper findings of fact and conclusions of law as indicated in our opinion, or, in the alternative, shall itself take additional testimony and thereafter enter a proper adjudication, pursuant to Section 423 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §854.