Vare Brothers and The Travelers Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Domenic A. Tropiano, Respondents.

Argued March 8, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Joseph J. Murphy*, with him, of counsel, *Robert J. Murphy*, and *Thomas W. Murphy*, for petitioner.

*James C. Everett*, with him *Herbert Monheit* and *Tod I. Mammuth*, for respondent.

OPINION BY JUDGE BLATT, June 28, 1979:

This is an appeal by Vare Brothers (employer) and its insurance carrier, The Travelers Insurance Company from an order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's grant to the employer of subrogation rights and suspension of benefit payments.

Domenic A. Tropiano (employee) suffered a work-related injury on April 22, 1964. As a result, a Compensation Agreement was executed which provided for compensation for total disability. In 1965 the employer filed a petition for termination which was dismissed by the referee, and the decision was affirmed on appeal by the Board and by the court of common pleas. In 1968, the employer filed a second petition for termination which was dismissed by the referee and this decision was again affirmed by the Board which affirmed a finding of fact that all of the claimant's disability was related to the April 22, 1964 accident.

Prior to the filing of the second termination petition by the employer, the employee filed a civil action

based on the alleged medical malpractice committed during the course of his treatment for the injuries received in the April 22, 1964 accident. In that action, the Travelers Insurance Company and The Travelers Indemnity Company were named as defendants, and they moved for judgment on the pleadings on the grounds that they were immune from common-law tort liability under The Pennsylvania Workmen's Compensation Act (Act).[1] The court of common pleas found in their favor and the Superior Court affirmed. The Supreme Court, however, reversed, finding that the injuries for which the employee was seeking recovery did not arise in the course of his employment and therefore that the insurance carrier could not avail itself of the immunity afforded by the Act. The employer then filed a petition for suspension of benefit payments contending that it was entitled to subrogation rights because the employee had obtained a third-party settlement from the defendants in the malpractice action. After a hearing on this petition, but prior to rendering his decision, the referee granted the employer's request for supersedeas on the grounds that the employee had refused to submit to a medical examination. Then, on August 31, 1977, the referee issued his order after making the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Defendant filed a Petition for Termination alleging that as a result of a third party settlement, Claimant's compensation should be terminated under the provisions of Section 319 as of April 2, 1975.

2. In the alternative, Defendant requested the grant of a suspension pending the final de-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

termination of Claimant's injuries and their effect, if any, on his future earning power.

3. Defendant established that a settlement had been made in the third party action for the gross amount of $60,000.00.

4. Claimant established that the costs and counsel fee attributable to said third party recovery amounted to $36,258.54.

5. Defendant is entitled to subrogation under Section 319 of the Act, and is also entitled to a Suspension of compensation as of August 1, 1977, to await the final outcome of Claimant's injuries, and their effect if any, on his future earning power, subject to credit to the Claimant for a proper share of his legal expenses and costs in the third party recovery.

On appeal the Board reversed the decision of the referee on the grounds that as a matter of law, the referee had improperly invoked Section 319 of the Act, 77 P.S. §5671, because he had failed to make a finding that the compensable injury was caused in whole or in part by the act or omission of a third party. The Board dismissed the petition for suspension and this appeal followed.

The employer here contends that the Board exceeded its authority in reversing the decision of the referee because the employer is entitled here to an order of suspension as a matter of law either by reason of its right to subrogation or on the basis that the employee refused to submit to a medical examination.

The employer's right to subrogation is found in Section 319 of the Act, 77 P.S. §671 which, in pertinent part, provides:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated

to the right of the employee, . . . against such third party to the extent of the compensation payable under this Article by the employer. . . .

In order to obtain subrogation rights under this section, the employer is required to show that a compensable injury was caused by a third party. Section 301(a) of the Act, 77 P.S. §431, provides that the three conditions precedent to recovery of compensation are (1) an injury (2) by accident (3) in the course of employment. Unless the employer can show that the injuries sustained by the employee at the hands of the defendants in the malpractice suit, were ''injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer. . . .'' 77 P.S. §411, it is not entitled to subrogation. *Savage v. Jefferson Medical College Hospital,* 7 Pa. Commonwealth Ct. 35, 298 A.2d 694 (1972). In the instant case the employer has clearly failed to meet its burden. In the malpractice action brought by the employee, the Supreme Court specifically found that:

> The acts of negligence arising out of medical treatment and controlled by the insurance carrier should not be classified as occurring during the course of employment. . . . The alleged acts of negligence in this case were committed by the insurance carrier subsequent to and independent of the original injury and with no involvement of the employer whatsover.

*Tropiano v. Travelers Insurance Co.,* 455 Pa. 360, 363, 319 A.2d 426, 427 (1974).

This finding was binding on the referee and his award of subrogation rights to the employer clearly constituted an error of law. The employer's contention that the Board exceeded its authority in reversing the referee here is therefore without merit. *See Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

In the alternative the employer argues that it is entitled to a suspension of compensation on the grounds that the employee has refused to submit to a medical examination. Although a supersedeas was granted prior to the referee's decision on the grounds that the employee refused to submit to a medical examination, there is no evidence in the record to support such an order. The employer, nevertheless argues that this alleged refusal was the basis for the referee's subsequent suspension of compensation. While it is difficult to determine the exact reason for the referee's order of suspension, even if we were to assume that it was based on the alleged refusal, we believe that the Board was clearly justified in reversing. There were no findings of fact to support such a conclusion, nor was there any evidence of record which could have supported a finding of refusal.

The order of the Board is therefore affirmed.

ORDER

AND Now, this 28th day of June, 1979, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.