Jerry Green & Sons, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Robert E. Dacenzo, Respondents.

Argued September 14, 1981, before Judges BLATT, MacPHAIL and PALLADINO, sitting as a panel of three.

*Leonard S. Lipson,* with him *Alfred Sarowitz,* for petitioner.

*Alexander B. Giacobetti,* for respondent, Robert E. Dacenzo.

OPINION BY JUDGE BLATT, December 17, 1981:

This is an appeal from an order of the Workmen's Compensation Board (Board) affirming an order of the referee which reinstated compensation benefits to Robert E. Dacenzo (claimant) as of October 13, 1975.

On October 4, 1974, the claimant, a roofer by trade, sustained a compensible work-related injury when, while in the employ of Jerry Green & Sons (employer), he was struck on the back by the tailgate of a truck and he received compensation benefits from that date. On February 5, 1975, the employer filed a termination petition and at the hearing which followed the claimant stated that he had not yet fully recovered from the effects of his injury and that he had been unable to obtain full employment as a roofer because of the limitations on his ability to work as well as because of poor economic conditions in the industry. He was then receiving unemployment compensation. In response to the request of the employer and its insurance carrier, and as agreed to by the claimant, the referee consid-

ered the petition as one for suspension of benefits, rather than for termination thereof, while awaiting resolution of the status of the claimant's injury and its effect, if any, upon his future earnings or earning power.

The claimant attempted to return to work thereafter but was able to work only intermittently due either to the presence of pain or to the unavailability of work. On October 13, 1975, while working for Frank Jamison Roofing, the claimant squatted down to pull an "E" box and was unable to raise himself because of pain in his lower back as a result of which he was hospitalized from October 27, 1975 until November 9, 1975. On November 21, 1975, he was again hospitalized and placed in traction following an episode at home during which he blacked-out from back pain and struck his head in the subsequent fall. He has not worked since the October 13, 1975 incident. On October 18, 1979, following a hearing, the referee ordered compensation benefits reinstated as of October 13, 1975. The Board affirmed and this appeal by the employer followed.

Our scope of review is limited here to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Workmen's Compensation Appeal Board v. Booth & Flinn Co.*, 18 Pa. Commonwealth Ct. 369, 336 A.2d 448 (1975). The claimant here, as the moving party, had the burden of proving by precise and credible evidence of a more definite and specific nature than that upon which initial compensation was based, that he was totally disabled and that the condition created by the accident for which he is entitled to compensation has changed from its previously determined extent. *Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 530, 377 A.2d 833 (1977). To prevail in his rein-

statement petition, he was required to show that his disability had recurred. Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772.

The employer contends that the claimant did not present sufficient competent evidence to sustain the referee's finding that the claimant suffered a recurrence of his October 4, 1974 injury as a result of the incident of October 13, 1975. We must disagree.

The claimant testified that, as a result of the October 13, 1975 incident, his back pain escalated from sufficiently tolerable to permit intermittent employment to being unbearable, as a result of which he has been precluded from working since that date. His physician, a board-certified orthopedic surgeon, testified that "the 1975 injury was not the primary cause of his back complaints," and that "in his opinion the cause of his condition was his injury on October 4, 1974 when he was struck by a tailgate." The physician described the October 13, 1975 episode as "a part of the original injury" and as "just another expression of the original injury." The employer presented two medical witnesses: one, an orthopedic surgeon, who testified that, given the claimant's history, he would have to relate his back condition to the tailgate accident; the other, who had examined the claimant on January 20, 1975, preceding the employer's petition for termination, and again on November 29, 1976 and who said that the claimant had looked "so well" on his first visit but had looked "so perfectly awful" at the time of his subsequent visit.

It is well-settled that substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Katz v. Evening Bulletin,* 485 Pa. 536, 403 A.2d 518 (1979). In workmen's compensation cases, questions of credibility and probative value are for the referee and, therefore, the

weight to be accorded testimony and the inferences to be drawn therefrom are for him, and not for this Court, to determine. *D & T Brooks, Inc. v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 223, 392 A.2d 895 (1978). The evidence here falls well within the requirements of substantiality and is sufficient to support the referee's finding of recurrence and will not be disturbed on review by this Court.

The employer's final objection that the conclusions of law[1] reflect an improperly permitted relitigation of the original disability by the referee is likewise without merit. The objected-to language is predicated upon a finding that the claimant's disability recurred on October 13, 1975 and merely serves to identify the recurrence as the aftermath[2] of his original injury.

### ORDER

AND Now, this 17th day of December, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed;

AND IT IS FURTHER ORDERED that judgment be entered in favor of the claimant, Robert E. Dacenzo, and against Jerry Green & Sons and/or its insurance carrier in the amount of $106.00 per week beginning on

---

[1] The objected-to Conclusion of Law states:

1. Claimant's disability is a result of the recurrence of his accidental injury sustained on October 4, 1974 during the course of his employment with the Defendant; said recurrence having occurred on October 13, 1975. The claimant is, therefore, entitled to additional compensation commencing on October 13, 1975 under the provisions of the Workmen's Compensation Laws since his injury and its sequelae have persisted beyond the period during which compensation was paid.

[2] "Sequela" is defined as: "1: an aftereffect of disease or injury . . . 2: a secondary result: consequence." Webster's Third New International Dictionary 2071 (1966).

October 13, 1975 and continuing into the indeterminate future within the meaning and provisions of the Workmen's Compensation Act.

Interest is payable on all deferred payments of compensation at the rate of ten percent (10%) per annum.

Jerry Green & Sons and/or its insurance carrier is further directed to reimburse claimant for the following medical expenses:

|  |  |
|---|---|
| Dr. William J. Cassidy | |
| Services | $ 391.00 |
| Witness Fee | 300.00 |
| Northeastern Hospital | |
| October 27, 1975 | 1,864.25 |
| November 21, 1975 | 857.40 |
| Dr. Ronald Abraham | 130.00 |
| B. C. Associates | 50.00 |

Attorney fees are hereby granted to Alexander B. Giacobetti in the amount of twenty percent (20%) of the entire award, payable solely out of the claimant's award, and payable to him as a twenty percent (20%) portion of each compensation payment.