Blue Ridge Winkler Textiles and CNA Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Eva Van Horn), Respondents.

Eva Van Horn, Petitioner *v.* Workmen's Compensation Appeal Board (Blue Ridge Winkler Textiles and CNA Insurance Co.), Respondents.

Argued January 31, 1983, before Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*Bernard M. Billick, Robinson, Hoffner & Billick,* for Blue Ridge Winkler Textiles and CNA Insurance Company.

*J. Brian Foley,* with him *Richard S. Campagna,* for Eva Van Horn.

OPINION BY JUDGE BLATT, March 22, 1983:

Before us are the cross appeals of Blue Ridge Winkler Textiles (Blue Ridge)[1] and Eva Van Horn (claimant) from an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) which reinstated the claimant's benefits for certain periods but suspended them for others.

The complicated history of this matter is as follows. The claimant was employed for Blue Ridge as a napping machine operator and on October 4, 1973 she sustained a work-related injury in the nature of a lumbar-sacral strain. Pursuant to a notice of com-

_____

[1] And its insurer, the CNA Insurance Company.

pensation payable she received benefits until[2] a stipulation was entered into by the parties providing that the claimant was fully recovered as of November 16, 1976 and would receive full benefits up until this date. The referee then terminated her eligibility but apparently a final receipt was not formally executed. On April 13, 1977, the claimant filed a petition to set aside final receipt alleging that she had again become totally disabled due to an acceleration of her back condition caused by her October 4, 1973 injury. Because a formal final receipt had not been executed, the referee treated this petition as a petition to reinstate compensation. After a hearing and upon consideration of testimony given by the claimant's medical expert, the referee determined that the claimant had failed to establish[3] that her condition was related to her injury of October 4, 1973, and, had failed to prove that she was incapable of performing positions available to her. The Board set aside the referee's decision and instructed him to appoint an impartial physician to determine whether or not the claimant's condition on April 13, 1977 was related to her original work-related injury. Upon remand, after considering the testimony given by the aforementioned impartial physician and that given by the claimant's medical expert, the referee found that:

the claimant did not establish whether her back difficulties occurring after November 16, 1976

---

[2] The record and the referee's statement of the procedural history in this matter apparently discloses that during this period (October 4, 1973—November 16, 1976) two final receipts were executed; however, each was followed by a supplemental agreement between the parties enabling the claimant to receive benefits.

[3] The employee bears the burden of establishing that his benefits should be reinstated. *Jerry Green & Sons v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 263, 437 A.2d 1279 (1981).

are related to the . . . [original] injury occurring on October 4, 1973, or are related to the pre-existing condition of intervertebral disc disease of the lumbrosacral spine, or are related to the condition giving rise to the back surgery in 1969 or 1970, or are related to a combination thereof;

the claimant was not incapacitated from performing . . . the position of shearer machine operator [which] was available to the claimant from May 4, 1977 to at least the time of the hearing held on September 9, 1977;

claimant did not establish that the surgical procedure performed in May 1974 involving excision of a disc and fusion of the lumbosacral spine directly resulted from, was related to, or was necessitated by, an injury occurring on October 4, 1973;

[and that] the Defendant established . . . that positions of employment were available to the claimant as of May 18, 1978 within any restrictions she had as of May 18, 1978. . . .

The referee then concluded, as a matter of law, that the claimant failed to prove that disability resulting from her original work-related injury increased or recurred after November 16, 1976. Upon appeal, however, the Board held that the referee had capriciously disregarded the medical evidence before him and entered the following order:

The petition to reinstate compensation is hereby granted as of April 13, 1977. Because claimant can perform, in spite of her disability, her prior work as a napper or shearer, at no loss of earnings, compensation is hereby suspended as of April 13, 1977 to September 9, 1977, because either or one of the said jobs was

available to claimant to said date of September 9, 1977. Compensation for total disability pursuant to the Notice of Compensation Payable is reinstated for the period September 9, 1977 to May 18, 1978. This case is referred to the referee for him to find the average weekly wage of the claimant and then to fix the partial disability compensation due her on and after May 19, 1978, pursuant to the job that the referee found . . . was available to claimant as of May 18, 1978.

In workmen's compensation cases where, as here, the party with the burden of proof has not prevailed before the referee, and the Board takes no additional evidence, our scope of review (like that of the Board) is limited to a determination of whether or not the referee's factual findings were made with a capricious disregard of competent evidence in the record, or if an error of law was committed below. *Novak v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 596, 430 A.2d 703 (1981).

Blue Ridge, in its appeal, argues first that the referee did not willfully and deliberately disregard relevant and competent evidence which a person of ordinary intelligence could not have avoided in making his findings. *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 152, 331 A.2d 221 (1975) (capricious disregard so defined). However, our review of the medical testimony and evidence presented at the remand hearing leads us to agree with the Board that uncontradicted testimony[4] established that the claim-

---

[4] For example, at the remand hearing, counsel for Blue Ridge asked the impartial medical expert appointed by the Board whether or not he could "tell us with reasonable medical certainty the cause of her present disability" and said expert replied "the [original] injury and the subsequent treatment."

ant was indeed disabled, as a result of her original work-related injury at Blue Ridge and from conditions resulting from surgery necessitated by this injury, as of the date of her reinstatement petition. Moreover, we note, as did the Board, the referee's curious statement in finding of fact 15 that the claimant had continuing residual disability. Clearly, this conflicts with his finding that the claimant failed to prove her current condition was related to her original work-related injury sustained by her on October 4, 1973. We agree with the Board, therefore, that the referee capriciously disregarded the evidence of record rather than merely resolving conflicts in the evidence or determining matters of credibility.

Blue Ridge also argues that the Board erred in reinstating the claimant's benefits for the period of September 9, 1977 to May 18, 1978. Blue Ridge states in its brief that the position of shearer machine operator remained open to the claimant during this period.

It is clear that, once a disability is established by a claimant, the employer bears the burden of establishing the availability of other employment which the claimant could perform. *Phillips v. North American Coal Co.,* 27 Pa. Commonwealth Ct. 103, 365 A.2d 453 (1976). Our examination of the evidence produced by Blue Ridge at the hearings below reveals that it did fail[5] to establish that the aforesaid position was available to the claimant from September 9, 1977 to May 18, 1978. We have recognized that neither this Court nor the Board may give an employer a

---

[5] Blue Ridge did present evidence to the referee, which he accepted in his findings, that the shearer position was available to the claimant from May 4, 1977 to September 9, 1977, and that the claimant was capable of working at a job availble to her as of May 18, 1978.

second opportunity, by way of a remand, to meet its burden of producing such evidence. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 169, 420 A.2d 774 (1980).

Concerning the claimant's appeal, she argues that the referee's findings that she was able to work as a shearer at no loss of earnings for the period from May 4, 1977 to September 9, 1977, and that she was capable of working at a job available to her as of May 18, 1978,[6] were not supported by credible evidence in the record. Here, however, our review of the record discloses substantial evidence, *Phillips,* which would support a finding that these jobs were indeed available to the claimant. Furthermore, the testimony of the medical experts and other witnesses at the hearings before the referee supports his conclusion that the claimant would have been able to perform these jobs even with her residual disability. The claimant's appeal must, therefore, similarly fail.

We will, therefore, affirm the Board's order.

### ORDER IN 3111 C.D. 1980

AND Now, this 22nd day of March, 1983, the order of the Pennsylvania Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

### ORDER IN 3145 C.D. 1980

AND Now, this 22nd day of March, 1983, the order of the Pennsylvania Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

[6] The Board, based on these findings of the referee, suspended the claimant's benefits for the period of May 4, 1977 to September 9, 1977, and ordered the referee to determine if the claimant was entitled to partial disability benefits after May 18, 1978.