## Insurance Company of North America v. Sigafoos

*Donald E. Wieand,* for plaintiff.
*Michael P. Shay,* for defendant.

FREEDBERG, *J.,* October 15, 1984 — This matter is before the court on defendant's preliminary objection in the form of a petition questioning the jurisdiction of this court to hear plaintiff's claim. Defendant contends that the Pennsylvania Workmen's Compensation Act provides the exclusive remedy for plaintiff and that, therefore, the Court of Common Pleas of Northampton County does not have jurisdiction over this action. We find nothing in the act which deprives this court of jurisdiction, and given the nature of the relief sought by plaintiff, including an injunction and declaration of a constructive trust, we believe that the matter is properly before us for decision.

Plaintiff's complaint established that on April 14, 1977, defendant was injured in the course of her employment at the Atlantic Container Corporation. Defendant sustained an injury to her right hand

while operating a punch press. As a result of the injury sustained to her right hand, plaintiff became obligated to provide workers' compensation benefits to defendant pursuant to a Notice of Compensation Payable filed with the Pennsylvania Bureau of Workers' Compensation on April 28, 1977. Pursuant to the Workmen's Compensation Act, 77 Pa.C.S. §411 et seq., plaintiff paid defendant the sum of $7,405.66 in compensation and the sum of $9,027 for medical expenses incurred by defendant. Defendant subsequently instituted legal action against Clearing & Safeguard Manufacturing Company, the manufacturer of the punch press, for the personal injuries which she sustained. Defendant subsequently reached a negotiated settlement with Clearing & Safeguard Manufacturing Company.

Plaintiff contends that pursuant to section 319 of the Workmen's Compensation Act, 77 Pa.C.S. §671, it has a subrogation interest in any recovery or compromise settlement from a third-party tortfeasor for the injuries sustained by defendant for which workers' compensation benefits have been paid. Despite notice to defendant and her counsel and despite repeated demands for payment, defendant has refused to satisfy the subrogation claim of plaintiff. Based on the aforementioned facts, plaintiff seeks a judgment against defendant in the amount of $16,432.66 plus interest and costs and an order declaring the proceeds of said negotiated settlement a constructive trust and enjoining defendant from dissipating said proceeds.

Pursuant to 77 P.S. §671, the employer is subrogated to the rights of the employee against third parties. This section provides in pertinent part:

"Where the compensible injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of

the employee, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents."

It has been held that if an employer's liability is occasioned by the fault of a third person, 77 P.S. §671 provides the exclusive means for the employer or insurer to recover. Reliance Ins. Co. v. Richmond Machine Co.; 309 Pa. Super. 430, 455 A.2d 686 (1983). This is an exclusive means of recovery in the sense that this section does not provide the employer or its insurer with a cause of action against a third party in its own right. An employee, however, may bring an action at law to recover damages from a third-party tortfeasor. 77 P.S. §481(b); Heckendorn v. Consolidated Rail Corp., 293 Pa. Super. 474, 439 A.2d 674 (1981), aff'd 502 Pa. 101, 465 A.2d 609 (1983). We see nothing in 77 P.S. §671 which limits the jurisdiction of the courts of common pleas. The sole purpose of this section as it has been construed by the courts of this Commonwealth has been to provide a right of subrogation to the employer or insurer and to prohibit them from suing a third-party tortfeasor directly.

Defendant argues that pursuant to 77 P.S. §481, the rights, remedies and liabilities of employers for work-related injuries of their employes are governed exclusively by the terms of the Pennsylvania Workmen's Compensation Act. This section states in pertinent part:

"(a) The liability of an employer under this Act shall be exclusive and in place of any and all other

liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in Section 301(c)(1) and (2) or occupational disease as defined in Section 108."

Hence, under defendant's theory, this section precludes the court of common pleas from exercising jurisdiction over plaintiff's claim. We do not believe that 77 P.S. §481 was intended to have such a result. The reference to an exclusive remedy in this section merely means that the employer's liability to any employe is governed exclusively by the provisions of the act in that it prohibits any common law cause of action against the employer by the employe. Heckendorn v. Consolidated Rail Corp., supra. In the present case, there is no issue as to the employer's liability to the employe; the sole issue is the proper jurisdictional forum for plaintiff, an insurer, to assert his claim for subrogation.

The case of American Casualty Co. of Reading v. Kligerman, 365 Pa. 168, 74 A.2d 169 (1950), is not to the contrary. Although the court in Kligerman stated, "The courts of common pleas are without jurisdiction in compensation cases, except on appeal," this case is distinguishable from the present matter on two grounds. First, the court was not dealing with a subrogation claim by an employer or insurer. Second, and most important, that case dealt with the validity of a compensation agreement entered into between an insurance carrier, an employer and the widow of a deceased employe. We have no doubt that such an action would be within the exclusive jurisdiction of the Workmen's Compensation Board since such a claim deals with an employer's liability to pay workers' compensation. See 77 P.S. §481. However, since the present claim concerns not the

employer's liability to his employe, but his right to subrogation, this case poses no bar to his proceeding in the court of common pleas.

We note that the Workmen's Compensation Appeal Board does have jurisdiction to hear subrogation claims by employers or insurers. See cases infra. The cases reveal, though, that such subrogation claims are generally tied to claims to suspend or modify benefits, claims which are under the exclusive jurisdiction of the Workmen's Compensation Board. Vare Bros. v. Workmen's Compensation Appeal Bd., 43 Pa. Commw. 582, 402 A.2d 1137 (1979); Dale Mfg. Co. v. Workmen's Compensation Appeal Bd., 34 Pa. Commw. 31, 382 A.2d 1256 (1978). Nothing in these cases suggest that a claim for subrogation cannot also be pursued in the court of common pleas.

We also find that plaintiff's claim is properly brought in a suit in equity.

"The doctrine of subrogation is based "on considerations of equity and good conscience . . . to promote justice . . . [and] is granted as a means of placing the ultimate burden of the debt upon the person who should bear it." It is not a matter of contract nor privity. It "'may be invoked in favor of persons who are legally obligated to make good a loss caused by the negligent or tortious act of another." "It is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it." Associated Hospital Service of Philadelphia v. Pustilnik, 262 Pa. Super. 600, 396 A.2d 1332 (1979), quoting Potoczny v. Vallejo, 170 Pa. Super. 377, 85 A.2d 675 (1952). Furthermore, even if a subrogation right is recognized in a formal contract, the subrogee does not forfeit its right to sue in equity. Associated Hospital Service of Philadelphia v. Pustilnik, supra. Given

the equitable nature of plaintiff's claim and the relief requested, i.e. an order declaring the proceeds of said negotiated settlement a constructive trust and enjoining defendant from dissipating said proceeds, plaintiff's claim is properly brought at equity as an adequate remedy at law does not exist.

Wherefore, we enter the following

## ORDER OF COURT

And now, this October 15, 1984, defendant's preliminary objection in the nature of a petition to dismiss for lack of jurisdiction is hereby denied. Leave is granted to defendant to file a responsive pleading within 20 days of the date of this order.