510 A.2d 860

Albert R. Swink, Sr., Petitioner *v.* Workmen's Compensation Appeal Board (Burrell Construction & Supply Co. and Bituminous Insurance Companies), Respondents.

Argued March 13, 1986, before Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*Donald J. McCue, McCue & Watson,* for petitioner.

*Robert C. Little, Burns, Manley & Little, P.C.,* for respondents.

OPINION BY JUDGE MACPHAIL, June 4, 1986:

Albert R. Swink, Sr. (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which granted the modification petition of Burrell Construction & Supply Company (Employer), thereby permitting Employer to be subrogated to the right of Claimant against a third-party tortfeasor, and which denied Claimant's claim petition. We affirm.

The referee made the following findings of fact, which are supported by the record:

1. The claimant, Albert R. Swink,. Sr., was injured in the course and scope of his employment with the Burrell Construction and Supply Company on December 5, 1978.

2. The insurer for Burrell Construction and Supply Company, Bituminous Insurance Companies, commenced payment of compensation at the rate of $213.00 per week and compensation was paid to Mr. Swink for a period of one hundred thirty-seven (137) weeks and the total payment made was in the amount of $29,182.00.

3. The insurance carrier on behalf of the employer paid medical expenses in the amount of $5,111.33.

4. As a result of the accident in which the claimant was injured, he commenced a suit against Hugo Vannucci and West Penn Power Company in the Court of Common Pleas of Westmoreland County at No. 11785 of 1980.

5. The employer, Burrell Construction and Supply Company, was joined as an Additional Defendant in the suit filed in Westmoreland County; however, it was dismissed as an Additional Defendant by Order of Court dated December 1, 1981.

6. On or about July 1, 1981 Mr. Swink executed a Joint Tortfeasor's Release in favor of the defendant, Hugo Vannucci, in the amount of $100,000.00.

7. Pursuant to a Contingent Fee Agreement between the claimant and his attorneys, McCue & Watson, attorney fees in the amount of $33,300.00 were deducted from the payment of $100,000.00 and in addition thereto, $1,000.00 was deducted as reimbursement of advanced costs and the claimant, Albert Swink, Sr., received the amount of $65,700.00.

8. The insurance carrier for the employer attempted to resolve its subrogation interest in regard to the settlement as set forth above and the claimant and his attorney refused to acknowledge the subrogation rights of the insurance carrier.

9. The accident causing the claimant's injury occurred when Hugo Vannucci raised the bed of a truck which he owned and was operating at the time to unload asphalt into a paving machine upon which the claimant was standing.

10. During this unloading procedure, the truck bed came into contact with overhead elec-

tric wires causing the current to flow through the paver and to strike Mr. Swink, causing serious injuries to Mr. Swink for which the aforesaid compensation and medical bills were paid.

11. As a result of the injuries suffered by the claimant he was and has continued to be totally disabled.

12. The insurance carrier for the employer, as a result of the claimant and his counsel's refusal to recognize the subrogation interest of the carrier, ceased payments of compensation on July 25, 1981. A Petition for Modification was filed on behalf of the employer and its insurance carrier to determine the subrogation interests of the insurance carrier in regard to the third-party settlement entered into between the claimant and Hugo Vannucci in the amount of $100,000-.00.

13. That on March 19, 1982 the claimant filed a Claim Petition which was received in the Uniontown Office on March 29, 1982 which alleged among other things that the insurance carrier for Burrell Construction and Supply Company did in fact make payments of workmen's compensation benefits but stopped making payments on June 29, 1981. This Claim Petition was incorporated into the instant Modification Petition as more fully designated above.

In his original decision dated September 15, 1982, the referee concluded that any alleged negligence of Employer in regard to its subrogation interest was not a matter to be adjudicated before him, that Employer's insurance carrier was entitled to its subrogation interest as set forth in the Act and that the claim petition filed by Claimant must be dismissed. On October 22, 1982, the referee filed the following amended award:

The insurance carrier for the employer, Bituminous Insurance Companies, is entitled to a subrogation interest for compensation and medical bills paid to July 25, 1981 in the amount of $34,293.33. From this amount, there is to be deducted reasonable counsel fees in the amount of $11,431.11 and costs of prosecuting the third-party action in the amount of $1,000.00. In addition thereto, the claimant is entitled to reasonable counsel fees for the amount of compensation payable from July 25, 1981 to August 25, 1982, for which the company has claimed credit, said reasonable fees being in the amount of $3,976.00. The claimant is hereby ordered to pay to Bituminous Insurance Companies the net sum of $17,886.22.

Commencing on August 25, 1982, the Bituminous Insurance Companies, as insurer for the employer, is entitled to credit for future weekly indemnity payments and past and future medical bills, said credit to continue until the weekly indemnity payments and past and future medical bills amount of [sic] $53,779.67.

During the period of this credit, the insurance carrier is directed to pay the claimant a reasonable attorney fee of 33-1/3 per cent upon the weekly indemnity payments of $213.00, said amount being $71.00 per week.

The insurance carrier shall also be liable for a 33-1/3 per cent attorney fee upon any medical bills, past or future, incurred as a result of claimant's injuries, said amount payable to the claimant.

Employer, as the party who sought to modify the compensation agreement, had the burden of proof. *See M.A. Bruder & Son, Inc. v. Workmen's Compensation*

*Appeal Board (Harvey)*, 86 Pa. Commonwealth Ct. 353, 356 n.1, 485 A.2d 93, 94 n.1 (1984). Where the party with the burden of proof prevails before the referee and the Board takes no additional evidence, our scope of review is limited to a determination of whether any constitutional rights were violated, an error of law was committed, or whether a necessary finding of fact was unsupported by substantial evidence. *National Mines Corporation v. Workmen's Compensation Appeal Board (Geisel)*, 90 Pa. Commonwealth Ct. 548, 496 A.2d 105 (1985).

Claimant first argues that Employer is not automatically entitled to subrogation rights and that those rights must be adjusted to reflect the Employer's negligent conduct. Claimant asserts that the referee erred in that he did not take Employer's possible negligence into account when he found the Employer was entitled to be subrogated to the full extent of Claimant's settlement with the third-party tortfeasor, minus reasonable counsel fees and costs associated with prosecuting the third-party action.

Section 319 of The Pennsylvania Workmen's Compensation Act (Act)[1] provides in pertinent part:

> Where the compensable injury is caused *in whole or in part* by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §671.

his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation. (Emphasis added.)

The plain language of the Act belies Claimant's argument that Employer's negligence is relevant. Section 319 provides for subrogation where the injury "is caused in *whole or in part* by the act or omission of a third party. . . ." (Emphasis added.) If by the clear language of the Section subrogation is mandated whether the injury is caused in full or in part by a third party, the Section seems to leave the way clear for subrogation where the employer is partially at fault. If the third party is only partially to blame, the Legislature must have realized that most likely either the employer or the employee is also partially negligent.

Further, our Supreme Court addressed this issue in *Heckendorn v. Consolidated Rail Corporation,* 502 Pa. 101, 465 A.2d 609 (1983):

The employer's statutory right to subrogation may not be challenged by an allegation that the employer was partially responsible for the employee's injury.[3]

[3]The dictum to the contrary in Stark v. Posh Construction Co., 192 Pa. Superior Ct. 409, 162 A.2d 9 (1960), is not persuasive as Stark was de-

cided when joinder of the employer at trial was still permitted, long before the Legislature's decision in 1974 to triple the amount of worker's compensation payable to injured employees and at the same time to forclose, through the enactment of Section 303(b)[2], the adjudication of employer negligence in all cases of employee injury. . . .

Under the terms of the Workers' Compensation Act, whenever an employee is injured in the course of employment, the employer pays compensation, regardless of whether the employer, the employee, or a third party was causally negligent. If the negligence of a third-party tortfeasor is subsequently determined to have caused the injury 'in whole or in part,' the employee is entitled to recover the full amount of his damages from the tortfeasor, subject to the employer's right to reimbursement for the worker's compensation payments made as a result of the injury. The issue of the employer's negligence is as irrelevant at the subrogation stage of the proceedings as it is at trial, and as it is in every case of employee injury in which no third-party tortfeasor is involved.

*Id.* at 108-109, 465 A.2d at 613.

While it is true, as Claimant points out, that the quoted language in *Heckendorn* is dicta, we find that it is persuasive dicta in light of the language of Sections 303(b)[2] and 319 of the Act.

---

[2] 77 P.S. §481(b). This section, which was amended on December 5, 1974, provides:

In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason

Claimant points to this Court's decision in *Fidler v. Workmen's Compensation Appeal Board (United Cable Corporation)*, 83 Pa. Commonwealth Ct. 155, 478 A.2d 907 (1984), which was issued after *Heckendorn,* as evidence that this Court has refused to accept the Supreme Court's dicta in *Heckendorn.* In *Fidler,* the claimant was asserting that the employer was negligent. Judge BARBIERI said: "[o]f course, the subrogation right as provided in Section 319 of the Act to which the insurance carrier herein is entitled, is a qualified one." *Fidler* at 164, 478 A.2d at 911.

We note that this language from *Fidler* is in itself dicta. Further, *Fidler* was concerned with an injury which occurred prior to the December 1974 amendments to the Act alluded to in footnote 3 of *Heckendorn* and in our footnote 2, *supra.*

Claimant also attempts to persuade us that a holding to the effect that subrogation rights are automatic is unfair both to the employee and to the third-party tortfeasor. The fairness or unfairness of this approach has been debated at length. *See* Comment, *Immunity and Subrogation in Pennsylvania Workmen's Compensation after Heckendorn v. Consolidated Rail Corp.: Too Absolute a Victory for the Employer?,* 23 Duq. L. Rev. 131 (1984); Case Digest, *Section 303(b) of Workmen's Compensation Act Prohibits Joinder of Employers by Third Parties for Any Purpose,* 57 Temp. L.Q. 483

---

thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

(1984). While we can see merit to the arguments of those on either side of this issue, we feel that the plain language of Section 319 precludes us from considering the public policy implications of the issue at hand.

We hold that the Board was correct in affirming the conclusion of the referee that Employer was entitled to subrogation rights and that its modification petition must be granted.

Claimant also argues that the referee erred in dismissing his claim petition without holding a hearing. In his claim petition, Claimant requested that payments of compensation be reinstated following the cessation of payments on June 29, 1981 by Employer's insurance carrier. The referee, however, found that payments ceased on July 25, 1981. It is clear that the referee's correct conclusion concerning Employer's subrogation rights made a hearing on the claim petition unnecessary because it was then clear that Claimant was not entitled to continue receiving the original payments. Because Employer's subrogation rights are automatic, no further hearing was required. The referee properly computed the amounts due to the parties in his amended order of October 22, 1982.

For the foregoing reasons, we find that we must affirm the Board's order affirming the referee.[3]

## ORDER

The Workmen's Compensation Appeal Board order at Docket No. A-84759, dated March 28, 1985 is affirmed.

---

[3] Claimant raised a whole host of other issues in his Petition for Review, but because those issues were not briefed by Claimant we consider them waived. Pa. R.A.P. 2116(a).