514 A.2d 241

Pamela A. Powell, Individually and as Administratrix of the Estate of David W. Powell *v.* Sacred Heart Hospital et al. Pennsylvania Manufacturers' Association Insurance Company, Appellant.

Argued February 4, 1986, before Judges ROGERS and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Eugene R. Mayberry,* with him, *John P. Thomas,* for appellant.

*George K. Keenan,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, August 12, 1986:
Before this Court is the appeal by Pennsylvania Manufacturers' Association Insurance Company (PMA), of the order of a trial court, denying its claim to be subrogated out of a third party settlement for workmen's compensation benefits required to be paid by PMA because of a death, the basis for the third party funds. The Plaintiff in the third party case was Pamela A. Powell, widow of David W. Powell, deceased employee, and the third party recovery resulted from a malpractice claim arising out of surgery required by a compensable work injury sustained by decedent. PMA intervened in the third party action, asserting its subrogation claim, but questioning in the trial court the jurisdiction of that court to entertain the subrogation issue, but claiming, in the alternative, its entitlement to subrogation for compensation payments required to be made by reason of the death for which the third party action was instituted. Specifically, its subrogation claim is for compensation payable by it because of the death to the widow, now remarried, and to the minor child of the decedent. The jurisdictional issue has not been pursued on this appeal.[1]

The subrogation rights of the employer are established in Section 319 of The Pennsylvania Workmen's Compensation Act (Act),[2] the pertinent portion of which reads:

> Section 319. Where the compensable injury is caused in whole or in part by the act or omission

---

[1] Our Supreme Court has ruled that "courts of common pleas are without jurisdiction in compensation cases, . . . and jurisdiction cannot be conferred upon the court by stipulation." *American Casualty Company v. Kligerman,* 365 Pa. 168, 74 A.2d 169 (1950).

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §671.

of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents; against such third party *to the extent of the compensation payable under this article by the employer;* reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. (Emphasis added.)[3]

The original compensation case arose out of a back injury suffered by the decedent in the course of his employment with Lehigh Structural Steel in 1977 for which PMA, as workmen's compensation carrier, paid benefits at various times during decedent's lifetime. In January of 1979 decedent underwent surgery to correct his back problem. It was due to complications resulting from this surgery that brought about the death of decedent on January 22, 1979. Since the death was a direct result of treatment for the compensable injury of 1977, PMA executed a compensation agreement requiring it to make payments of death benefits to Pamela A.

---

[3] We note that no proofs are required but that subrogation by the insurer or self-insurer is automatic. *Swink v. Workmen's Compensation Appeal Board (Burrell Const. & Supply)*, 97 Pa. Commonwealth Ct. 623, 510 A.2d 860 (1986). Mr. Justice LARSEN's statement in *Heckendorn v. Consolidated Rail Corporation*, 502 Pa. 101, 465 A.2d 609 (1983), and *Tsarnas v. Jones & Laughlin Steel Corporation*, 488 Pa. 513, 412 A.2d 1094 (1980), that the employer's subrogation right is not automatic is not joined by any other member of his Court and continues to be solely his view. Also, it is of no moment that the Fund realized in a claim against a third party is in the form of a settlement rather than by a verdict or other litigated conclusion. *Heiser v. Workmen's Compensation Appeal Board (Westmoreland Casualty Co.)* 95 Pa. Commonwealth Ct. 350, 505 A.2d 1060 (1986).

Powell, widow of decedent in her own right and in behalf of decedent's minor son. When the widow subse-. quently remarried a supplemental agreement was entered into under which she became entitled to payment of 104 weeks of benefits and decedent's son became separately entitled to weekly benefits, all pursuant to provisions in Section 307 of the Act.[4]

As noted, PMA was denied subrogation rights by order of the trial court and on its appeal here makes three major contentions: (1) that it is entitled to subrogation for those compensation benefits required to be paid by it because of the death for which the fund in the third party settlement was paid; (2) that it is entitled to be subrogated for benefits paid to the deceased employee's widow since such payments constitute compensation required to be paid under the Act; and (3) that benefits payable by it to the son, as a dependent of decedent, are also subrogatable compensation payments.

The trial court in disallowing subrogation to PMA, stated:

Section 301(a) of the Workmen's Compensation Act provides two conditions precedent to the recovery of compensation: (1) an injury; (2) in the course of employment. These two conditions were met in connection with decedent's original back injury; thus, said injury was compensable. However, the injuries suffered by decedent during his hospitalization caused by defendants' negligence were new and independent injuries, rather than an aggravation or extension of his original injury. These additional injuries were not sustained in the course of employment and therefore cannot be found to be compensable injuries under the Workmen's Compensation Act.

---

[4] 77 P.S. §§561, 562.

These additional injuries serve only as the basis for an extension of compensation due to the causal connection between the initial (and compensable) back injury, the treatment for said injury (the surgery) and the resulting further injury (the complications arising during surgery causing death). Jefferson Medical College Hospital v. Savage, supra; McAvoy v. Roberts & Mander Stove Company, 173 Pa. Super. 516, 98 A.2d 231 (1953).

Most respectfully, we must disagree with certain of the conclusions reached by the trial judge and expressed by him in the above quotation from his opinion. Thus, we take issue with his statement that the "additional injuries" due to the surgery that caused the death "cannot be found to be compensable injuries under the Workmen's Compensation Act." In fact, it has long been the settled and unquestioned law of this Commonwealth that where the negligence of parties who treat a worker causes injuries beyond those originally caused by the compensable injury itself, the treatment mishap being a product of the original injury, the employer or its insurance carrier is responsible to pay benefits for the full extent of the disability or the death due to what happened negligently or otherwise during the treatment and care process. *Hornetz v. Phila. & Reading C. & I. Co.*, 277 Pa. 40, 120 A. 662 (1923). In fact, in *McAvoy*, cited in the above quotation by the trial court, the injury resulted in hospitalization and surgery many years after the work-related injury, and while the surgery was successful, the hospital attendants dropped the patient in the operating room causing brain injuries resulting in total disability. Although the negligence of the hospital authorities was unquestioned and certainly was the kind of separate injury so designated by the trial judge in this case, an award of compensation was

sustained against the defense offered that the disability which followed the negligent injury in the hospital was separate and apart so that the original injury could not be considered to be the proximate cause of the new total disability claim for compensation purposes.[5]

In *Workmen's Compensation Appeal Board (Bartosevich) v. Ira Berger & Sons*, 470 Pa. 239, 368 A.2d 282 (1977), the Supreme Court in reversing this Court, 17 Pa. Commonwealth Ct. 370, 332 A.2d 562 (1975), a case involving extended disability due to malpractice in treatment, held that where a "claimant in good faith seeks medical treatment for his injury, and the medical treatment itself either aggravates the existing injury or causes new or additional injury, the law regards the latter as having been caused by the original accident . . . [a]s long as the subsequent disability is a result of negligent treatment for the initial injury, the disability is compensable under The Pennsylvania Workmen's Compensation Act." 470 Pa. at 243-246, 368 A.2d at 284-285. *See also Sears, Roebuck & Co. v. Workmen's Compensation Appeal Board (Moore)*, 48 Pa. Commonwealth Ct. 161, 409 A.2d 486 (1979); *Blue Ridge Winkler Tex. v. Workmen's Compensation Appeal Board (VanHorn)*, 73 Pa. Commonwealth Ct. 71, 457 A.2d 218 (1983).

As for *Savage v. Jefferson Medical College Hospital*, 7 Pa. Commonwealth Ct. 35, 298 A.2d 694 (1972), the other case relied upon by the trial court in this case, the circumstances are clearly distinguishable. The negligence claim there was against the employer, a hospital, but the subrogation claim was for compensation benefits paid *prior* to the surgery. There was no subrogation

---

[5] The court in *McAvoy* relied upon *Hornetz* and many other Superior Court cases.

claim, as here, for benefits payable due to injuries suffered as a result of the surgery.

We emphasized in *Savage* that there was a stipulation there that the third party settlement fund was for the subsequent injuries "for which no compensation charges were made against the Workmen's Compensation carrier."

Contrary to the clear statement of the law of Pennsylvania set forth above, Appellee, the widow, representing dependents of the deceased employee contends, nevertheless, that the death here was not subrogatable since the malpractice during surgery which caused it did not occur in the course of decedent's employment. We find distinguishable cases other than those previously discussed herein and relied upon by Appellee: *Dale Manufacturing Co. v. Workmen's Compensation Appeal Board (Bressi)*, 34 Pa. Commonwealth Ct. 31, 382 A.2d 1256 (1978) and *Vare Bros. v. Workmen's Compensation Appeal Board (Tropiano)* 43 Pa. Commonwealth Ct. 582, 402 A.2d 1137 (1979). Our decision in *Dale* was affirmed by the Supreme Court, 491 Pa. 493, 421 A.2d 653 (1980), but on the ground that there was insufficient evidence on which to make a determination as to whether the failure of a surgeon to remove a cottonoid pad from the wound and the subsequent surgery required for the removal of the pad "either aggravated the original injury or caused a new and independent one." In *Vare* this Court felt bound by the determination by the Supreme Court in *Tropiano v. Traveler's Insurance Co.*, 455 Pa. 360, 319 A.2d 426 (1974), that the acts of negligence in *Tropiano* were committed by the insurance carrier subsequent to and independent of the original injury. Here, however, there is no question that the surgical procedure, to alleviate a condition caused in the course of employment and for which compensation liability had been accepted

by the insurer, was not a separate event dissociated from the original injury. In fact, the circumstances here involve a surgical death from one of the regular hazards of surgery, anaesthesia, quite unlike the failure to remove a cottonoid pad from the wound in *Dale*. Here, and as contended in the third party action, the decedent suffered a respiratory arrest leading to a cardiac arrest whereupon the surgery was aborted but decedent died when taken to the intensive care unit. Indeed, we find a striking similarity of this case to *Hornetz* where a mineworker who sustained a compound fracture of his right index finger at work for which he was operated upon with the use of anaesthesia which caused dilation of his heart and death. The Supreme Court sustained an award of compensation benefits for the death upon the following statement:

> The violence caused the injury, the injury caused the operation, the operation caused the anæsthetization, the anæsthetization caused dilatation of the heart and dilatation of the heart caused death. Hence there was a causal connection between the [original] violence and [the subsequent] death.

For the foregoing reasons, we conclude that the denial by the trial court of the subrogation claim of PMA on the ground that the death here was not related to the work injury constitutes error requiring reversal by us.

The two other issues submitted to us by PMA must also be decided in its favor: that it is entitled to subrogation for payments made to the widow regardless of whether they are made on a weekly basis during her widowhood or for 104 weeks in a lump sum on the occasion of her remarriage. Section 307.7 of the Act, 77 P.S. §562. Since such payment represents compensation, and is specifically so designated, under the terms of the Act, we have no hesitation in holding that the amount so paid is subrogable in favor of the insurer in this case.

Finally, the legitimacy and propriety of subrogation in favor of PMA for compensation payments required to be made under Section 307 to the son of decedent, as a dependent of decedent's, is also beyond question, and we have so ruled *Bowers v. Workmen's Compensation Appeal Board (Stroehmann Bros.)*, 72 Pa. Commonwealth Ct. 513, 457 A.2d 174 (1983).[6]

Accordingly, the order of the trial court will be reversed with an order to make payment in recognition of subrogation claims of PMA with proper allowances for attorneys' fees and other disbursements incurred in obtaining the settlement sum from the third party as provided in Section 319 of the Act.[7]

## ORDER

NOW, August 12, 1986, the order of the Court of Common Pleas of Lehigh County, dated January 4, 1985, as of No. 81-C-57, is hereby reversed and it is ordered that subrogation payments be made to Pennsylvania Manufacturers' Association Insurance Company from the escrow fund created by stipulation, consistent with the foregoing opinion.

Jurisdiction relinquished.

---

[6] In passing we note that under the provisions of Section 307.7 on the removal of the remarried widow from the compensation rolls where she has one child with joint payments for herself and child under Section 307.3, 77 P.S. §561, the dependent child is entitled under Section 303.7, 77 P.S. §562, to be paid the amount that "would have been payable to [him] had [he] been the only person entitled to compensation at the death of the deceased," the latter amount computed under Section 307.1(a), 77 P.S. §651.

[7] It is understood that payments here ordered will be made out of an escrow account established by agreement of counsel, with credits otherwise or additionally permitted under Section 319 of the Act.

CONCURRING OPINION BY JUDGE BARRY:

I concur in the opinion in this case but feel I must register my objection to the statement in footnote number 3 to the following effect: "We note that no proofs are required but that subrogation by the insurer or self-insurer is automatic. *Swink v. Workmen's Compensation Appeal Board (Burrell Const. & Supply)*, 97 Pa. Commonwealth Ct. 623, [510 A.2d 860 (1986)]". *Swink* in my judgment raised a problem which is not involved in the present case; *i.e.*, whether an employer who may be negligent is still entitled absolutely to subrogation out of a fund created by a recovery against a third party defendant. In *Tsarnas v. Jones & Laughlin Steel Corporation*, 488 Pa. 513, 412 A.2d, 1094 (1980), Justice LARSEN concurred that an employer could not be joined as an additional defendant in a lawsuit filed by an employee, but nevertheless warned that the employer's right to subrogation was not automatic and that the employer must in some judicial proceeding establish his freedom from fault in order to be subrogated. In the case of *Heckendorn v. Consolidated Rail Corporation*, 502 Pa. 101, 465 A.2d 609 (1983), the joinder by a third party for the purpose of apportioning an employer's negligence with the negligence of the third party was again prohibited. In a concurring opinion Justice LARSEN again pointed out that subrogation rights are always subject to equitable principles, that the right to subrogation is not automatic and some judicial proceedings must be had in order for the employer's lack or degree of fault to be established.

I believe that if an employer caused, or partially caused, an accident it should pay the price for its freedom from common-law suits. Judge MACPHAIL, in his opinion in *Swink*, found *Heckendorn* to be persuasive to the contrary. Nevertheless, Justice ROBERT's observation that an employer's statutory right to subrogation in a

third party claim may not be challenged by an allegation of employer negligence is certainly *dicta*. I would hope that the Supreme Court would be persuaded to adopt the viewpoint of Justice LARSEN on this issue. Since any reference in this case to *Swink* is also in the nature of *dicta*, I therefore object to its being cited as an authority under the facts of this case.